**Marilyn MOE, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

No. 02–35198.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Filed April 18, 2003.

---

Robert D. McCallum, Jr., Assistant Attorney General, Washington, DC, for the defendant-appellant.

J. Adam Moore, Yakima, WA, for the plaintiff-appellee.

Before BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

## OPINION

T.G. NELSON, Circuit Judge:

The Government appeals the district court's denial of its motion to dismiss for lack of subject matter jurisdiction in this Federal Tort Claims Act ("FTCA") action. Because we hold that psychological injury accompanied by physical injury, regardless of the order in which they occur, is within the scope of the Federal Employee's Compensation Act ("FECA"), the district court lacked jurisdiction over Marilyn Moe's claim. We vacate and remand to the district court.

## I. BACKGROUND

Moe, a federal employee, was an administrative assistant at a medical facility on the Fairchild Air Force Base. On June 20, 1994, Dean Melberg, a recently discharged Air Force serviceman, went on a shooting rampage at the medical facility. He killed four people and wounded twenty-three others before he was killed.

During the shooting, Moe ran from the facility, putting herself into Melberg's direct line of fire. Although Moe was not shot, she suffered from Post–Traumatic Stress Disorder (PTSD) from the shooting incident. Her PTSD aggravated her preexisting ulcerative colitis, requiring the removal of her colon.

Moe timely filed an administrative claim under the FTCA. When her administrative claim was denied, she filed suit in district court under the FTCA seeking damages for her physical and psychological injuries. The Government moved to dismiss for lack of subject matter jurisdiction, claiming that FECA provided Moe's exclusive remedies and preempted her FTCA claims. The district court denied the motion, and we granted the Government's petition for an interlocutory appeal.

## II. ANALYSIS

We review de novo the district court's refusal to dismiss for lack of subject matter jurisdiction.[1] We have jurisdiction pursuant to 28 U.S.C. § 1292(b).

1. *United States v. Peninsula Communications, Inc.,* 287 F.3d 832, 836 (9th Cir.2002).

## A. FECA Coverage

 FECA requires the Government to "pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty."[2] To qualify, the employee must apply to the Secretary of Labor.[3] FECA's exclusivity provision bars recovery under the FTCA, providing that "[t]he liability of the United States . . . under this subchapter . . . is exclusive and instead of all other liability of the United States . . . to the employee . . . and any other person otherwise entitled to recover damages from the United States . . . under a Federal tort liability statute."[4] In other words, if compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted.

 FECA claims raise two questions: (1) is the injury within the scope of FECA, and (2) is the plaintiff entitled to compensation under the facts of her case.[5] The latter question, if raised, must be deferred to, and answered by, the Secretary of Labor.[6] Scope, on the other hand, is a question that must be answered by the federal courts, because it is one of jurisdiction.[7] If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction.[8]

In this case, the parties dispute whether Moe's type of claim is covered under FECA. Thus, we must decide if Moe's injury is of the "type" covered by FECA.[9] If it is, FECA preempts Moe's FTCA claims, and her case should be dismissed for lack of jurisdiction.

## B. Moe's Injuries are Within the Scope of FECA

 Two things are clear about the personal injuries FECA covers: a claim for compensation must result from physical injury[10] and emotional injury, "divorced from any claim of physical harm," is outside FECA's scope.[11] This circuit has not addressed whether psychological injury, which results in physical injury, is within FECA's scope. That is the precise question before us, and we hold that it is.

 A plaintiff need only allege a colorable claim under FECA for our courts to lose jurisdiction over an FTCA action.[12] In Figueroa v. United States,[13] the plaintiffs were exposed to toxic chemicals, resulting in immediate and potential future physical harm.[14] Dismissing the case for lack of jurisdiction, we acknowledged that FECA "contemplates coverage for a [physical] condition produced over a long period

2. 5 U.S.C. § 8102(a) (2001).

3. 5 U.S.C. § 8145.

4. 5 U.S.C. § 8116(c).

5. *Figueroa v. United States,* 7 F.3d 1405, 1407–08 (9th Cir.1993).

6. *Id.* at 1408.

7. *Sheehan v. United States,* 896 F.2d 1168, 1174 (9th Cir.1990).

8. *Figueroa,* 7 F.3d at 1408.

9. *Id.* (holding that in cases where FECA is an issue, the court must determine whether the "type" of injury claimed is statutorily covered by FECA, and anything beyond the question of scope, such as compensation, should be left to the Secretary of Labor to determine).

10. *Id.*

11. *Sheehan,* 896 F.2d at 1174.

12. *Figueroa,* 7 F.3d at 1408.

13. 7 F.3d 1405.

14. *Id.* at 1407.

of time by 'stress'" *and* the *"emotional distress* that *results from* the stress of being exposed ... to a toxic substance that could cause future physical harm." [15] Thus, FECA covers emotional distress when it results from physical injuries that FECA covers.

■ Moe argues that *Figueroa's* holding requires physical injuries to occur first, and that the emotional injuries are covered when they arise from the physical injuries. We see no reason for the chronological order of physical and psychological injuries to impact FECA's scope. Congress designed FECA to provide immediate compensation to federal employees, regardless of fault, eliminating the need to litigate those claims.[16] In return, employees lose the right to sue the Government.[17] We would do nothing to further this purpose by requiring physical injuries to occur before FECA would cover a psychological injury. Therefore, we hold that FECA covers psychological injuries when accompanied by physical injuries, regardless of the order in which they occur.

■ In this case, Moe suffered from PTSD, a psychological injury. As a result of her PTSD, Moe's colitis condition was aggravated to the point where her colon had to be removed. This is clearly a physical injury that occurred because of the shooting incident at her place of employment. Therefore, we hold that this is the "type" of injury FECA covers, and Moe has alleged a colorable claim under the act.

## C. *Moe's Injuries Occurred While in the Performance of Her Duties*

■ Regardless of the type of Moe's injuries, she would have us conclude that her injuries did not occur *while in the performance of her duties* because her injury did not come at the hands of a coworker or from her assigned work duties. This argument lacks merit. FECA provides compensation to a federal employee for injuries "sustained while in the performance of [her] duty." [18] Neither the statute nor caselaw requires that the employee's job-related duties or a coworker cause the injury.[19]

FECA's plain language supports our conclusion. The statute covers injuries that occur "while in the performance of [one's] duty." [20] It neither limits the injuries to those that occur at the hand of another federal employee, or from the specific assigned duties.

In a factually analogous case from the Sixth Circuit, *Saltsman v. United States,*[21] an employee at a military base went on a shooting rampage, injuring and killing federal employees.[22] The employees and the decedent employees' families filed actions under the FTCA.[23] The Sixth Circuit dismissed the case for lack of subject matter jurisdiction, holding that FECA provided

---

**15.** *Id.* at 1408 (second emphasis in original).

**16.** *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 193–94, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983).

**17.** *Id.*

**18.** 5 U.S.C. § 8102(a).

**19.** *See Saltsman v. United States,* 104 F.3d 787, 790 (6th Cir.1997); *see also Reep v. United States,* 557 F.2d 204, 208 (9th Cir.

1977) (holding that FTCA action was properly dismissed because there was a substantial question of FECA coverage when an off-duty police officer, on his way to work, was struck by an enlisted man).

**20.** 5 U.S.C. § 8102(a).

**21.** 104 F.3d 787 (6th Cir.1997).

**22.** *Id.* at 788.

**23.** *Id.* at 788–89.

the exclusive remedy.[24] The fact that the employees were not engaged in work tasks when they were injured did not affect the court's analysis.

Moe was at work when the shooting occurred. In fact, she ran from her office into Melberg's direct line of fire. Although her employer did not require her to work in that specific location, her job placed her in this situation. Thus, we hold that Moe sustained her injuries while in the performance of her duties.

**D.** *The Government is Not Estopped from Arguing Lack of Subject Matter Jurisdiction*

■■■■ After Moe's FTCA administrative claim was denied, the air force sent Moe a letter saying that she was now free to file suit in federal court. Relying on this letter, Moe claims that the Government is estopped from arguing that the court lacks jurisdiction to hear her claim under the FTCA. This argument is also without merit. Jurisdiction is at issue in all stages of a case.[25] Accordingly, the Government is not estopped from questioning the court's jurisdiction.

## III. CONCLUSION

Moe alleged a claim that was colorable under FECA because she sustained emotional injuries that resulted in physical injuries, while in the performance of her duties as a federal employee. Because FECA provides Moe's exclusive remedy, the courts lack jurisdiction over her FTCA claim. Jurisdiction is an issue at any stage of the proceedings, and the Government was not estopped to assert its jurisdiction-

al argument. Accordingly, we vacate and remand to the district court.

**VACATED and REMANDED.**

---

**24.** *Id.* at 790.

**25.** FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the

action."); *see also Joyce v. United States,* 474 F.2d 215, 219 (3rd Cir.1973) (per curiam) (vacating FTCA claim for lack of jurisdiction, even though the jurisdictional issue was not raised until after the trial began).