**Richard Randall HEFNER, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 03–56262.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Richard Randall Hefner, Borrego Springs, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U. S. Attorney CV, Thomas B. Reeve, Jr., Esq., Office of the U.S. Attorney, San Diego, CA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Richard Randall Hefner appeals pro se the district court's dismissal of his Federal Tort Claims Act ("FTCA") action for lack of subject-matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. Moncini*, 882 F.2d 401, 403 (9th Cir.1989), and we affirm.

The Federal Employees' Compensation Act ("FECA") is the exclusive remedy for federal employees who are injured in the scope of their employment. *See Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir.1993). The district court properly dismissed Hefner's FTCA action because Hefner was injured during the course of his federal employment and his injury fell under the scope of the FECA's coverage, *see Moe v. U.S.*, 326 F.3d 1065, 1068–69 (9th Cir.2003); *see also Griffin v. U.S.*, 703 F.2d 321, 322 n. 3 (8th Cir.1983) (indicating that a back injury fell within the scope of the FECA because it qualified as a "dis-abling personal injury" under 5 U.S.C. §§ 8101, 8102(a)).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

