**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES MARKHAM, and as to the
third claim, on behalf of others
similarly situated,
                    *Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA; ELAINE
CHAO, as Secretary of Labor; U.S.
DEPARTMENT OF LABOR; JANE DOE;
JOHN DOE, 2-10; DOE PARTNERSHIPS
1-10; DOE ENTITIES 1-10; MELANIE
GALEN; TWO UNKNOWN OWCP
CLAIMS EXAMINERS; TWO UNKNOWN
OWCP NURSES,
                    *Defendants-Appellees.*

No. 04-15616

D.C. No.
CV-03-00257-SOM

OPINION

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted November 22, 2005*
Honolulu, Hawaii

Filed January 17, 2006

Before: Michael Daly Hawkins, M. Margaret McKeown, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge McKeown

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Stephen M. Shaw, Honolulu, Hawaii, for the appellant.

Edward H. Kubo, Jr., United States Attorney, and Thomas A. Helper, Assistant United States Attorney, United States Department of Justice, District of Hawaii, Honolulu, Hawaii, for the appellees.

## OPINION

McKEOWN, Circuit Judge:

In this appeal we consider whether the district court lacked subject matter jurisdiction over James Markham's complaint alleging constitutional violations in the handling of his injury claim by the Office of Workers' Compensation Programs of the United States Department of Labor ("OWCP"). Markham launches a broad indictment against various policies of the agency, labeling its practices a "campaign of terror." Rhetoric cannot, however, transform an unreviewable administrative practice into a constitutional violation. This case presents a clear example of a litigant making wholly insubstantial constitutional allegations to frame otherwise unreviewable administrative decisions. We affirm the district court's dismissal of Markham's complaint.

## Background

Markham filed a Federal Employee's Compensation Act ("FECA") claim after he was injured while serving as an electrician with the U.S. Department of the Navy. OWCP accepted Markham's claim and authorized continued compensation and medical benefits. A few weeks later, OWCP notified Markham that he was required to undergo vocational rehabilitation at the direction of OWCP, absent a good reason for not doing so.[1] The letter advised that a nurse had left Markham numerous unreturned voice mail messages trying to set up a time and place to meet and discuss his vocational rehabilitation. The letter warned Markham that if he continued to not cooperate with the nurse without good cause, OWCP would reduce his compensation benefits to zero pursuant to 5 U.S.C. § 8113(b) and 20 C.F.R. § 10.519.[2] In conclu-

---

[1]Under 5 U.S.C. § 8104, OWCP has the discretion to direct an employee making a FECA claim to undergo vocational rehabilitation.

[2]Section 8113(b) provides:

    If an individual without good cause fails to apply for and undergo

sion, Markham was warned that a reduction in compensation benefits would continue until he complied in good faith with OWCP's vocational rehabilitation efforts.

The letter had its intended effect. Shortly after receiving it, Markham cooperated with the nurse and OWCP and began receiving benefits. OWCP informed him that it would not take action or reduce his benefits for his initial non-cooperation. Markham concedes that he has received all benefits owed him.

Taking great offense to the threat of reduced benefits, Markham filed suit against the Department of Labor, the Secretary of Labor ("Secretary"), OWCP, and various individuals within OWCP. Markham alleged that he was denied due process through OWCP's "campaign of terror," which resulted in a threat to reduce compensation benefits without adequate pre-deprivation notice or a meaningful opportunity to be heard.

Markham also alleged a litany of due process violations in various other OWCP administrative practices and customer service facilities. For example, Markham claimed that OWCP violates the Constitution by: failing to maintain a claims office in his home state of Hawaii; requiring that beneficiaries participate in telephone conferences with multiple parties in different time zones; using a Kentucky address and San Fran-

---

vocational rehabilitation when so directed under section 8104 of this title, the Secretary [of Labor], on review under section 8128 of this title and after finding that in the absence of the failure the wage-earning capacity of the individual would probably have substantially increased, may reduce prospectively the monetary compensation of the individual in accordance with what would probably have been his wage-earning capacity in the absence of the failure, until the individual in good faith complies with the direction of the Secretary.

Sections 10.519(b) and (c) are similar in scope.

cisco telephone number for notices and correspondence with beneficiaries in Hawaii; using nurses who lack contact information beyond voice mail; delegating authority to nurses and retaining employees whom he regards as unqualified; and using misleading non-cooperation letters.

To remedy these supposed constitutional violations, Markham seeks an injunction against these practices and a broad declaratory judgment "that all statutes, codes[,] proceedings, practice[s], and agency common-law authorizing administrative remedies by the OWCP are inadequate, unconstitutional and void."

The district court dismissed Markham's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under 5 U.S.C. § 8128(b), stating that "Markham raised wholly insubstantial constitutional challenges." We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Federal Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 635 (9th Cir. 1989).

## DISCUSSION

**[1]** FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees. The Act provides that "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a). The Secretary has the authority to administer and decide all questions under FECA, 5 U.S.C. § 8145, and may formulate rules and regulations necessary to administer the Act, 5 U.S.C. § 8149.

**[2]** Section 8128(b) explicitly provides that the courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is —

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b); *see Staacke v. United States Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988).

**[3]** The courts have fashioned two narrow exceptions to this absolute jurisdictional bar. Courts retain jurisdiction to consider constitutional challenges or claims for violation of a clear statutory mandate or prohibition. *Staacke*, 841 F.2d at 281; *see Rodrigues v. Donovan*, 769 F.2d 1344, 1347-48 (9th Cir. 1985).

**[4]** Markham's first claim is that his benefits were denied without notice, at least as to the period of his non-cooperation. Besides his own declaration, the only thing that Markham cites to support this allegation is the OWCP non-cooperation letter. This letter does not help Markham, however, because the plain language of the letter provides notice only of a *potential* reduction of benefits *if* Markham did not comply with the unambiguous instructions of the letter. The letter was in fact notice of the intended action in the event Markham did not cooperate. Although Markham was never denied benefits, any such challenge is precluded by § 8128(b).

**[5]** Recognizing this bar, Markham tries to transform a garden-variety administrative action into a case of constitutional magnitude. Even assuming there was a transitory denial of benefits for the period of non-cooperation, Markham does not claim he was entitled to any specific benefits during this gap of less than two weeks. And any potentially imprudent denial of benefits was corrected when Markham complied with OWCP's rehabilitation requirements. A cognizable due process claim must be more than an ephemeral and insubstan-

tial denial of benefits to which a plaintiff does not claim entitlement. *See Czerkies v. U.S. Dept. of Labor*, 73 F.3d 1435, 1443 (7th Cir. 1996) (en banc) ("The government does not violate the Constitution every time it mistakenly denies a claim for benefits. . . . This is a case of a claim for benefits 'cloaked in constitutional terms.' Czerkies has affixed the constitutional label to a garden-variety claim for benefits plainly barred by 5 U.S.C. § 8128(b)."); *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) ("A violation of procedural rights requires only a procedural correction, not the reinstatement of a substantive right to which the claimant may not be entitled on the merits.")

**[6]** Nor did the district court have jurisdiction under § 8128(b) to review Markham's remaining laundry list of due process claims. FECA vests the Secretary (and hence OWCP) with the authority to "administer, and decide all questions arising under, [FECA]." 5 U.S.C. § 8145. As such, the Secretary's discretion to make policy choices under FECA is "virtually limitless." *Staacke*, 841 F.2d at 282.

**[7]** Despite being expressed in constitutional terms, Markham's challenges to the administration of FECA claims involve questions of claims processing and customer service, not questions of due process. His effort to hitch these alleged inadequacies to a constitutional star is unavailing. Pure policy decisions concerning the administration of FECA are entirely within the discretion of the Secretary. Although in certain instances an administrative procedure can give rise to a due process violation, *see Rodrigues*, 769 F.2d at 1348, it is the due process violation and not the administrative procedure that forms a basis for jurisdiction.

Nor can these claims be saved by Markham's complaint that even if the last notice of potential termination never came to fruition, as a consequence of OWCP policies and procedures, he is constantly at risk for a future termination. Apart from the rank speculation inherent in this argument, Markham

has suffered no injury. "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972).

To be sure, it can be frustrating to penetrate a telephone system where the customer is relegated to voice mail. From Markham's standpoint, in a perfect world, he would be able to meet with nurses at a local office in Hawaii. But these purported inconveniences, which he labels a "campaign of terror" and a "modern system of slavery," do not even remotely rise to the level of cognizable constitutional claims.

**[8]** Markham's alleged constitutional violations are simply a disagreement with the Secretary's administrative structure and claims process. Sprinkling the brief with multiple due process references and affixing a constitutional label does not change the essence of the claims. Markham's purported constitutional claims are wholly insubstantial, rendering the federal courts without subject matter jurisdiction.

**AFFIRMED.**