**Francis Denby GHERINI, individually and as a Successor in Interest to the Estate of Inez Gherini, deceased, Plaintiff–Appellant,**

v.

**Robert J. LAGOMARSINO; Stanley T. Allbright, individually; Edward Haberlin, individually; County of Santa Barbara; Roger M. Sullivan; Sullivan Workman and Dee, a Law Firm; John Gherini, individually and as Executor**

ed by 9th Cir. R. 36–3.

of the Estate of Pier Gherini, deceased; Joy Ryan, individually; Charles Cummings; Andrea Gherini Gallnt; Catherine Gherini Beauclair; Theodore England; David Shea; David Tredway; Ferguson Case Orr Paterson & Cunningham LLP; Michael R. Sment; Dean M. Ward; Paul Frimmer; Gherini Family Holdings LLC; Fred Rosenmund; Oxnard Holding Company; Don L. Carlton, Inc.; Steven Hintz, individually; Henry Walsh, individually; Arthur Gilbert, individually; Cohen England & Whitfield; Marla Daily, individually and as Officer of Santa Cruz Island Foundation, Santa Cruz Island Company and The Nature Conservancy; Dept. of Energy; United States Department of Justice, Department of Interior; Diane Elistrom Devine, individually and as Officer of the Nature Conservancy; Federal Energy Regulatory Commission, Department of Energy; Tom Gherini, individually and as Executor of the Estate of Pier Gherini; National Park Service; State of California; The Nature Conservancy; Ventura County Superior Court; William H. Ehorn, individually and as Office (NPS); Andrea Seastrand, individually and as member of California State of Assembly (1990–1994) and United States Congresswoman (1995–1997); Tim Setneka, individually and as Official (NPS); United States of America; Supervising Clerk, Fiscal Department U.S. District Court, Defendants–Appellees.

No. 05–55709.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 9, 2007.

Ralph E. McCarthy, Esq., Law Offices of Ralph E. McCarthy, Oxnard, CA, for Plaintiff-Appellant.

Sara R. Robinson, AUSA, USLA-Office of the U.S. Attorney Civil & Tax Divisions, Charles D. Cummings, Esq., Sullivan, Workman & Dee, Rosemary A. Hooke, Esq., Liner Yankelevitz Sunshine & Regenstreif LLP, Elizabeth S. Angres, DAG, AGCA-Office of the California Attorney General, Los Angeles, CA, Stephen D. Underwood, Esq., Michael C. Ghizzoni, Santa Barbara County Counsel's Office, Santa Barbara, CA, David B. Shea, David W. Tredway, Esq., Ferguson, Case, ORR, Paterson & Cunningham, Ventura, CA, Glenn J. Campbell, Esq., Lowthrop, Richard, McMillan, Miller, Conway & Templeman, Oxnard, CA, for Defendants-Appellees.

Before: B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM *

Francis Denby Gherini appeals the district court's dismissal of his action pursuant to Fed.R.Civ.P. 12(b)(6). We affirm.

The district court dismissed Gherini's action with prejudice on the ground that it lacked subject matter jurisdiction due to the "probate exception" to federal jurisdiction. Following the Supreme Court's subsequent decision in *Marshall v. Marshall*, 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006), however, that ground is no longer valid. Gherini's first amended complaint asserts RICO and tort claims and seeks an *in personam* damages judgment against the defendants themselves; it does not seek to administer an estate, probate a will, or otherwise assume *in rem* jurisdiction over property in the custody of a state probate court. Therefore, the probate exception does not deprive the district court of subject matter jurisdiction over Gherini's claims. *See Marshall*, 547 U.S. at 311–12, 126 S.Ct. 1735.

Nevertheless, we may affirm the district court's grant of a motion to dismiss on any ground supported by the record. *Beeman v. TDI Managed Care Servs., Inc.*, 449 F.3d 1035, 1038 (9th Cir.2006). We hold that the district court lacks jurisdiction over Gherini's RICO claim for two reasons. First, Gherini does not have standing to bring his RICO challenge. Because he never had a property interest in the Gherini Ranch, Gherini was not

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"injured in *his* business or property by reason of a [RICO] violation." 18 U.S.C. § 1964(c) (emphasis added). Second, because Gherini alleged no injury to his own business or property, his RICO claim is insubstantial. *See Markham v. United States*, 434 F.3d 1185, 1188 (9th Cir.2006).

■ Because the district court lacks subject matter jurisdiction over Gherini's federal claim, it has no discretion to exercise supplemental jurisdiction over Gherini's remaining state-law claims. *See Skysign Int'l, Inc. v. City and County of Honolulu*, 276 F.3d 1109, 1118 n. 7 (9th Cir.2002) ("[H]ad Skysign lacked standing to bring its federal claim, the district court would have lacked subject matter jurisdiction over that claim and accordingly would have had no discretion to hear the state law claims."); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir.1995) (noting that supplemental jurisdiction exists only "when the federal claim is sufficiently substantial to confer federal jurisdiction," and that an insubstantial federal claim "divest[s] the court of [supplemental] jurisdiction"); *see also* 28 U.S.C. § 1367(c)(3) (giving district courts discretion to decline to exercise supplemental jurisdiction where "the district court has dismissed all claims *over which it has original jurisdiction* ") (emphasis added). Accordingly, the district court's dismissal of Gherini's action is

AFFIRMED.