**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBIN R. WILSON-SAULS, | No. 08-36037 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00163-AC |
| v. | |
| MICHELLE D. CURTIS; LEROY B. HAINS; RONALD R. HARTLING; DAVID E. HOLLIDAY, Ltc.; BONNIE ANN LAZOR; UNITED STATES OF AMERICA, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Submitted December 11, 2009[**]
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Robin R. Wilson-Sauls appeals the district court's dismissal of her complaint. We affirm.

The district court correctly held that it did not have jurisdiction over Wilson-Sauls's action under the Federal Tort Claims Act (FTCA). The Department of Labor had already awarded compensation under the Federal Employees' Compensation Act (FECA) for claims arising from the same facts. When FECA applies, it is an exclusive remedy, *see Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003), and a determination by the Secretary of Labor that FECA applies is generally unreviewable by the courts, *see* 5 U.S.C. § 8128(b); *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988).

We have recognized "two narrow exceptions" to FECA's "absolute jurisdictional bar": "[c]ourts retain jurisdiction to consider constitutional challenges or claims for violation of a clear statutory mandate or prohibition." *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006). Wilson-Sauls does not argue that either exception applies. She contends she did not waive her tort claim by accepting benefits under FECA because she did not initially apply for FECA benefits; instead, her employer applied on her behalf. But FECA does not provide for an election of remedies. If Wilson-Sauls had brought her tort claim in a district court before applying for FECA benefits, the court would have had to

2

dismiss the action for lack of subject matter jurisdiction because she had a colorable claim under FECA. *See Moe*, 326 F.3d at 1068. Moreover, Wilson-Sauls *did* later submit a claim for compensation under FECA, for which she was awarded benefits. Thus, the district court was required to dismiss Wilson-Sauls's FTCA claim for lack of subject matter jurisdiction.

Wilson-Sauls contends that dismissal of her FTCA claim violated substantive due process because it deprived her of a potentially substantial recovery. That argument fails, as Wilson-Sauls did not have a vested property right in her FTCA claim. "We have squarely held that although a cause of action is a 'species of property, a party's property right in any cause of action does not vest until a final *unreviewable* judgment is obtained.'" *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1086 (9th Cir. 2001) (quoting *Grimesy v. Huff*, 876 F.2d 738, 743-44 (9th Cir. 1989)).

Finally, Wilson-Sauls's argument that FECA violates article I, section 10, of the Oregon Constitution is meritless. If the Oregon Constitution actually conflicted with FECA, FECA would prevail by operation of the Supremacy Clause of the U.S. Constitution. *See Young v. Coloma-Agaran*, 340 F.3d 1053, 1055-57 (9th Cir. 2003).

AFFIRMED.

3