**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JENNIFER E. BAUER,
        *Plaintiff-Appellant,*

v.

MRAG AMERICAS, INC.; F/V LADY
KAREN; LADY KAREN,
INCORPORATED,
        *Defendants-Appellees.*

No. 09-17254

D.C. No.
1:08-cv-00582-
DAE-BMK

OPINION

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted October 13, 2010*
Honolulu, Hawaii

Filed October 27, 2010

Before: Michael Daly Hawkins, M. Margaret McKeown and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge McKeown

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

17895

**COUNSEL**

Charles J. Ferrera, Honolulu, Hawaii, for the plaintiff-appellant.

Robert G. Frame, Michael J. Nakano, Mark Stephen Hamilton, Frame & Nakano, Honolulu, Hawaii, for the defendant-appellee.

## **OPINION**

McKEOWN, Circuit Judge:

Congress passed the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § § 1361 *et seq.*, in response to the concern that marine mammals "are, or may be, in danger of extinction or depletion as a result of" human activities. *Id.* § 1361(1). As part of the protection efforts under both the Magnuson-Stevens Act, 16 U.S.C. §§ 1801 *et seq.*, and the MMPA, the Secretary of Commerce may require vessels to have observers aboard to monitor compliance with fishing regulations and to "obtain statistically reliable information on the species and number of marine mammals incidentally taken in the fishery." *Id.* § 1383a(e)(1); *see also id.* § 1821(h). The observers are considered federal employees, not employees of the vessel owner. Having thrust these observers on board private vessels, however, Congress limited the vessel owners' liability to the observers. As a general rule, an observer "that is ill, disabled, injured, or killed from service as an observer on that vessel may not bring a civil action . . . against the vessel owner." *Id.* § 1383a(e)(7)(A). We conclude that this immunity provision precludes a negligence suit by a federal observer who was injured while taking a restroom break.

Jennifer E. Bauer was serving as a fisheries observer aboard the F/V *Lady Karen* when she was injured by a cable on the vessel that snapped and hit her. Bauer sued Lady Karen, Incorporated ("LKI") for, among other things, negligence under general maritime law. In response to LKI's motion to dismiss the complaint for failure to state a claim, Bauer argued that the MMPA immunity provision does not bar her suit because, at the time of her injury, she was taking a bathroom break rather than serving as an observer. Looking to a related provision of the Federal Employee Compensation Act ("FECA"), 5 U.S.C. § 8102(a), for guidance, the district court disagreed and held that Bauer's suit was barred by the MMPA.

**[1]** The immunity provision of the MMPA provides as follows:

> An observer on a vessel . . . that is ill, disabled, injured, or killed *from service as an observer* on that vessel may not bring a civil action under any law of the United States for that illness, disability, injury, or death against the vessel or vessel owner, except that a civil action may be brought against the vessel owner for the owner's willful misconduct.

16 U.S.C. § 1383a(e)(7)(A) (emphasis added). This provision "does not apply if the observer is engaged by the owner, master, or individual in charge of a vessel to perform any duties in service to the vessel." *Id.* § 1383a(e)(7)(B).

In interpreting § 1383a(e)(7)(A), we begin with the plain language of the statute. *See, e.g.*, *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then . . . judicial inquiry is complete." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461-62 (2002) (internal quotation marks omitted). Because the immunity provision abrogates Bauer's common law rights under general maritime law, *see Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959), we "take care to avoid an overbroad interpretation of the statute that would afford immunity that was not intended," *Ducey v. United States*, 713 F.2d 504, 510 (9th Cir. 1983).

**[2]** The MMPA does not define "from service as an observer on that vessel," and no other court has interpreted that phrase. The language of the statute, however, is unambiguous. The term "from" is a function word that simply indicates the "source, cause, means, or ultimate agent of an action or condition." *Webster's Third New International Dictionary* 913 (1963). "Service as an observer on that vessel" means

exactly what it says—during the period the individual is on the vessel in the capacity of an observer. Hence, if the injury arises from a period of service as an observer, then the immunity provision comes into play.

**[3]** Bauer was on the boat as an observer monitoring fishing operations and the boat was underway with fishing activities in full swing. Not surprisingly, Bauer could not be expected to monitor activities non-stop without a bathroom break. Nor did she have the luxury of stepping off the boat to take a bathroom break at a coffee shop. Her sensible decision to take a short on-board break did not somehow cabin or limit Bauer's "service" as an observer. Common sense kicks in on this point—the injury occurred in the performance of her service as an observer on the vessel. Accordingly, the immunity provision of the MMPA bars Bauer's suit.

**[4]** Although the text of the MMPA's immunity provision is clear, our reading of that provision also finds support in a related provision of the FECA. The FECA provides compensation to any federal employee injured "in the performance of his duty." 5 U.S.C. § 8102(a). MMPA observers are considered federal employees for purposes of FECA. 16 U.S.C. § 1881b(c).

**[5]** FECA provides compensation for injuries sustained by a federal employee "in the performance of his duty." 5 U.S.C. § 8102(a). Although the phrase "in the performance of his duty" is not the same as that as used in the MMPA, the intent is similar and the parallel is useful—both statutes relate to a federal employee's undertaking of specific job responsibilities. "[S]ervice as an observer on that vessel" essentially means service "in the performance of his duty [as an observer]." Notably, courts have held that there is FECA coverage even if the employee is not actively engaged in job related duties at the time of the injury, such as when taking a lunch break. *See, e.g.*, *Woodruff v. U.S. Dep't of Labor*, 954 F.2d 634, 640 (11th Cir. 1992) (FECA coverage applies where

employee's injuries were sustained during an unpaid lunch break on employer's premises); *see also Moe v. United States*, 326 F.3d 1065, 1070 (9th Cir. 2003) (FECA coverage was available even though employee's injury was not sustained during a job-related activity because the employee's "job placed her in th[e] situation" in which the injury occurred).

Our reference to the similarly intended FECA provision simply confirms that Bauer's injury stems from her performance of duties as a fisheries observer. Bauer's negligence claim[1] against Lady Karen is barred by the immunity provision of the MMPA because her injuries were sustained from her service as an observer, albeit during a restroom break.

**AFFIRMED.**

---

[1]Bauer relies on *Wallace v. United States*, 669 F.2d 947, 952 (4th Cir. 1982), to argue that FECA coverage does not bar actions against third party defendants. *Wallace* is inapposite, however, because we are not referencing the FECA provision as a basis for government versus private liability, but rather as a guide to the similar scope of employment language of the MMPA.