NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT L. THEEDE, | No. 11-17427 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01084-MCE-DAD |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Chief District Judge, Presiding

Submitted October 26, 2012[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Robert Theede appeals pro se from the district court's judgment dismissing

his action for failure to state a claim and denying his motion for a preliminary

injunction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2), *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012), and we review the denial of a preliminary injunction for abuse of discretion, *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). We affirm.

The district court properly dismissed Theede's claims against the Social Security Administration and the Department of Health and Human Services because it is clear from the face of the complaint that Theede failed to exhaust administrative requirements and obtain a final agency decision. 42 U.S.C. § 405(g); *Heckler v. Ringer*, 466 U.S. 602, 617 (1984); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (claimant's failure to exhaust the procedures set forth in the Social Security Act deprives the district court of jurisdiction); *Kaiser v. Blue Cross of Calif.*, 347 F.3d 1107, 1111 & 1115-16 (9th Cir. 2003) (claims arising under Medicare must satisfy the presentment and exhaustion requirements under 42 U.S.C. § 405(g)).

The district court properly dismissed Theede's claims against the Department of Labor regarding termination of benefits under the Federal Employees Compensation Act ("FECA") because federal courts do not have subject matter jurisdiction to review claims challenging the merits of a benefits determination under FECA. 5 U.S.C. § 8128; *Markham v. United States*, 434 F.3d

1185, 1187 (9th Cir. 2006).  Additionally, Theede fails to allege that he would meet the exception for constitutional challenges or claims of violation of a clear statutory mandate or prohibition.  *Id.*

The district court did not abuse its discretion in denying Theede's request for injunctive relief because he failed to demonstrate a likelihood of success on the merits.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20-21 (2008).

The district court did not abuse its discretion in denying Theede's motions for appointment of counsel because Theede did not demonstrate exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and requiring "exceptional circumstances" for the appointment of counsel).  We likewise deny Theede's motion in this court for appointment of counsel.  *Id.*

Theede's remaining contentions are unpersuasive.

**AFFIRMED.**