**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BART D. KIMBER, <br><br>         Plaintiff - Appellant, <br><br> v. <br><br> RAY MABUS, Secretary of the Navy; DEPARTMENT OF THE NAVY; FELICIA BAKER, Marine Corp Base Camp Pendleton Injury Compensation Specialist, in her individual and official capacity, <br><br>         Defendants - Appellees. | No. 13-56632 <br><br> D.C. No. 3:13-cv-00424-JM-WMC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted December 10, 2015
Pasadena, California

Before: REINHARDT, LUCERO,** and NGUYEN, Circuit Judges.

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      **     The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Bart Kimber appeals the district court's dismissal of his complaint for lack of jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Kimber, a former employee of the Department of the Navy, alleges that defendants refused to cooperate with a Department of Labor ("DOL") investigation into his claim for benefits under the Federal Employees' Compensation Act ("FECA"). He claims that he was wrongfully denied FECA benefits as a result of this misconduct.

We review a dismissal for lack of jurisdiction de novo. Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 806 (9th Cir. 2003). A decision by DOL denying FECA benefits is "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b). Thus, "courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations." Markham v. United States, 434 F.3d 1185, 1187 (9th Cir. 2006). This jurisdictional bar extends to collateral attacks on a benefits decision. See Vilanova v. United States, 851 F.2d 1, 6 n.20 (1st Cir. 1988).

Because Kimber's claims rest on his allegation that DOL wrongly denied him benefits, we agree with the district court that they constitute impermissible collateral attacks. This court has recognized that we "retain jurisdiction to consider constitutional challenges" notwithstanding § 8128(b). Markham, 434 F.3d at 1187.

2

Although Kimber pled a due process claim, we conclude that it is "wholly insubstantial, rendering the federal courts without subject matter jurisdiction." Id. at 1188.

**AFFIRMED**.[1]

---

[1] Kimber has apprised this court of further administrative proceedings that have occurred since the district court entered judgment. These proceedings do not affect our analysis because "[s]ubject matter jurisdiction must exist as of the time the action is commenced." Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).