**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA PORTER, | No. 17-15235 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00633-APG-CWH |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted August 8, 2018
Pasadena, California

Before: GRABER, WARDLAW, and CHRISTEN, Circuit Judges.

Plaintiff Joshua Porter appeals the district court's dismissal, for lack of

subject matter jurisdiction, of his claim under the Federal Tort Claims Act

("FTCA").  Reviewing de novo, Chen v. Allstate Ins. Co., 819 F.3d 1136, 1141

(9th Cir. 2016), we reverse and remand.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The Federal Employees' Compensation Act ("FECA") provides the exclusive remedy against the United States, 5 U.S.C. § 8116(c), to a federal employee who is injured "while in the performance of his dut[ies]," id. § 8102(a). "A plaintiff need only allege a colorable claim under FECA for our courts to lose jurisdiction over an FTCA action." Moe v. United States, 326 F.3d 1065, 1068 (9th Cir. 2003). But the federal courts have jurisdiction to determine whether, as a matter of law, a FECA claim is colorable. Figueroa v. United States, 7 F.3d 1405, 1408 (9th Cir. 1993). To the extent that the district court misunderstood the scope of its jurisdiction, the court erred.

Here, there is no evidence that Plaintiff was injured while in the performance of his duties. Whether or not he was on some sort of on-call status, the claim form in the record unequivocally states that Plaintiff was not injured in the performance of his duties but was, instead, "in a non duty status at his residence." There is no contrary evidence, so there is no colorable claim under FECA. Therefore, as a matter of law, FECA does not apply, and the federal courts have jurisdiction over this FTCA claim.

**REVERSED and REMANDED for further proceedings.**