Louis **TEPLITSKY**, Plaintiff,

v.

**BUREAU OF COMPENSATION U. S. DEPARTMENT OF LABOR**

and

**United States of America**, Defendants.

No. 67 Civ. 1019.

United States District Court
S. D. New York.
March 29, 1968.

Louis Teplitsky, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of N. Y., Louis E. Greco, Attorney in Charge, Admiralty and Shipping Section, Dept. of Justice, New York City, for defendants, Peter Martin Klein, of counsel.

### MEMORANDUM

MacMAHON, District Judge.

The government moves for summary judgment under Rule 56, Fed.R.Civ.P., dismissing the complaint and for a declaratory judgment, 28 U.S.C. § 2201, that plaintiff elect which of two government disability awards he will receive in the future.

The court has carefully read through all of plaintiff's extensive pleadings, papers and exhibits. It appears from these papers that plaintiff was employed in the United States Post Office in New York City as a temporary mail handler in December 1963. While employed there, he suffered a pain in the left inguinal area of his groin. Plaintiff was examined and found fit for light duty.

He continued to work in this capacity, but the pain recurred in January and February 1964. The Bureau of Employees' Compensation (B.E.C.) determined after physical examination by the Public Health Service that this was a job-related physical injury and paid plaintiff total physical disability benefits from March 1964 until November 1964. In November 1964, the benefits were reduced from total to partial and paid on this basis until June 1965, at which time they were discontinued. At the same time that he was receiving these benefits, plaintiff, as a World War II veteran, also received benefits from the Veterans Administration on a 50% disability rating due to a nervous disorder.

Plaintiff protested both the reduction and the discontinuance of his physical disability benefits. B.E.C. reopened the case, at plaintiff's request, in November 1965. After voluminous correspondence and extensive physical and psychiatric examination by the Public Health Service and private consultants, hired for the purpose of examination, B.E.C. denied plaintiff's request for continued physical disability benefits in December 1966. B.E.C. did find that the physical injury at the Post Office aggravated his prior nervous condition and that the nervous condition was totally disabling. On this basis, B.E.C. awarded 100% disability benefits retroactive from November 1964, the time when total physical disability benefits were discontinued, to September 1965.

In October 1965, plaintiff applied for and received from the Veterans Administration an increase in his disability rating from 50% to 100% due to a nervous disorder. The award was retroactive to September 1965. B.E.C. determined that its December 1966 award was for the same disability as the Veterans Administration award. To avoid duplicate awards for the same disability, B.E.C. terminated its retroactive award in September 1965. From September 1965 to date, plaintiff has received only the Veterans Administration award. He

remains eligible, however, to receive benefits under either award.

Plaintiff seeks damages in the amount of $2,400,000 from B.E.C., the United States Post Office, and the United States Public Health Service. He also seeks a review of the B.E.C. award. He alleges that the government agencies were criminally negligent in their physical examination, that the same agencies conspired against him, that the agencies were extremely cruel, and that the agencies defamed him.

■ There are many factual disputes which would demand trial, if there were some legal relief for the wrongs which plaintiff alleges. But it is well settled that awards made by B.E.C. under the Federal Employees Compensation Act (F.E.C.A.), 5 U.S.C. §§ 8101–8150, are not subject to judicial review. Blanc v. United States, 244 F.2d 708 (2 Cir. 1957). The court is without jurisdiction to inquire into the award made by B.E.C.

As to the allegations of criminal negligence, conspiracy, cruelty, and defamation allegedly suffered by plaintiff as a government employee, the F.E.C.A. is "exclusive and instead of all other liability." 5 U.S.C. § 8116(c). Plaintiff must find his remedy within the Act. Granade v. United States, 356 F.2d 837 (2 Cir. 1966). Having presented his allegations to the B.E.C., the agency which congress empowered to administer the F.E.C.A., he must abide by that agency's findings.

■■ Even if the alleged wrongs to plaintiff did not arise in the course of his government employment, he would still have no legal remedy for the wrongs which he alleges. The government can be sued only in accordance with its consent given in the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Although plaintiff characterizes his allegations as criminal negligence, conspiracy, cruelty, and defamation, their substance is that B.E.C. refused in its discretion to believe his statement that he had a permanent physical disability and found instead that he had a 100% disability due to a nervous disorder. All of the allegations fall outside of the government's consent to suit. The government cannot be sued for wrongs arising from the exercise of discretion vested in an agency and for claims based on libel and slander. 28 U.S.C. § 2680(a) (h). Since the government has not consented to suit, plaintiff's action is futile. Blitz v. Boog, 328 F.2d 596 (2 Cir. 1964).

It is clear that there is no legal basis for relief. The claims which plaintiff makes have all been presented to and ruled upon by the B.E.C., the award of the B.E.C. is not subject to judicial review, and the government has not consented to suit under the Federal Tort Claims Act for the wrongs which plaintiff alleges. The government is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment dismissing the complaint is granted.

■ The government seeks a declaratory judgment that plaintiff must make an election between the Veterans Administration award and the B.E.C. award. The government is entitled to bring an action under the Declaratory Judgments Act, 28 U.S.C. § 2201. Public Utilities Comm'n of State of California v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L. Ed.2d 470 (1958). The court finds that there is an "actual controversy" because plaintiff has refused to make an election between the benefits he is to receive.

■ Congress has the authority to establish the conditions under which awards will be made pursuant to the F. E.C.A. One of the conditions is that "an individual entitled to benefits * * * because of his injury, * * * who also is entitled to receive * * * payments or benefits for that injury * * * because of service by him * * * in the armed forces, shall elect which benefits he will receive." 5 U.S.C. § 8116(b). We have already held that the determination by B.E.C. that plaintiff is

entitled to a 100% disability rating due to a nervous disorder is not reviewable here. It is undisputed that the Veterans Administration also has made an award for the same disability. The terms of the statute require plaintiff to make an election.

Plaintiff must make an election, in writing, whether to receive benefits under the Veterans Administration Act, amounting to $250.00 per month, or under the F.E.C.A., amounting to $209.99 per month. This election must be made within twenty (20) days of the filing of this memorandum.

The government's motion for summary judgment is granted, and the Clerk of the court is directed to enter judgment dismissing the complaint. The government's motion for a declaratory judgment is granted. Plaintiff must make his election, in writing, within twenty (20) days of the filing of this memorandum.

So ordered.