**William W. SMITH, Plaintiff,**

v.

**Leo DiCARA, Defendant.**

**70–C–1026.**

United States District Court,
E. D. New York.

July 20, 1971.

Jules Schwabinger, Farmingdale, for plaintiff.

Edward R. Neaher, U. S. Atty., E. D. N. Y., for the United States; Michael F. Crawford, Asst. U. S. Atty., of counsel.

BARTELS, District Judge.

On May 7, 1971, the court granted defendant's motion to remand the above-captioned action to the State Supreme Court, Nassau County, in open court, whereupon the Government moved for reargument. After due consideration, the court adheres to its original decision for the reasons set forth below.[1]

This is an action for damages arising out of an alleged defamation of character, which was originally commenced in the New York State Supreme Court, Nassau County, and subsequently removed to this court pursuant to 38 U.S.C. § 4116(c). The complaint, brought by a federal employee, charges that the defendant, a physician in the Department of Medicine and Surgery, examined plaintiff in Northport Hospital, a Veterans' Administration Hospital, after which the defendant issued the following report:

"Physically, this patient can do most of his duties, however, I feel that his personal habits preclude steady attendance to his duties. This patient has many of the outward appearances of a heavy user of alcoholic beverages— I've never known to be in error in matters such as this."

The examination was in response to an order by plaintiff's superiors in the Post-Office Department, pursuant to the requirements of plaintiff's employment. The applicable statutes are 38 U.S.C. § 4116, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2680(h). The pertinent portion of 38 U.S.C. § 4116 reads:

"§ 4116. *Defense of certain malpractice and negligence suits*

(a) The remedy against the United States provided by sections 1346(b) and 2672 of title 28 for damages for personal injury, including death allegedly arising from malpractice or negligence of a physician, dentist, nurse, pharmacist, or paramedical * * * or other supporting personnel in furnishing medical care or treatment while in the exercise of his duties in or for the Department of Medicine and Surgery shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician, dentist, nurse, pharmacist, or paramedical or other supporting personnel (or his estate) whose act or omission gave rise to such claim.

\* \* \* \* \* \*

(c) Upon a certification by the Attorney General that the defendant was acting in the scope of his employment in or for the Department of Medicine and Surgery at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto. *Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the*

---

1. In its affidavit, the Government urges this court to maintain jurisdiction of the ac-

tion, apparently abandoning its prior motion to dismiss.

*case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State court."* (Emphasis supplied).

28 U.S.C. § 1346(b) provides:

" * * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

However, 28 U.S.C. § 2680(h) specifically excepts from the jurisdictional grant of § 1346(b):

"Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

Since the complaint in the instant case failed to make out a claim against the United States under § 1346(b) (Kessler v. General Services Administration, 341 F.2d 275 (2d Cir. 1964); DiSilvestro v. United States, 181 F.Supp. 860 (E.D. N.Y.1960), cert. denied, 364 U.S. 825, 81 S.Ct. 65, 5 L.Ed.2d 55 (1960); Teplitsky v. Bureau of Compensation, United States Department of Labor, 288 F.Supp. 310 (S.D.N.Y.1968), modified on other grounds, 398 F.2d 820 (2d Cir. 1968), cert. denied, 393 U.S. 943, 89 S.Ct. 311, 21 L.Ed.2d 280 (1968)), the court granted plaintiff's motion to remand.

The thrust of the Government's reargument against remand is that the term "not available" as used in § 4116(c) refers only to the situation where the defendant was not acting in the scope of his employment when the alleged act or omission giving rise to the claim occurred, and since defendant was acting within the scope of his employment, the fact that a remedy is otherwise "not available" under § 1346(b) does not justify remand of the action. For this position, it relies on cases decided under the somewhat analogous Federal Drivers Act (28 U.S.C. § 2679(b)–(e)[2]), which, for the purpose of immunizing certain federal employees from suit for the negli-

2. 28 U.S.C. § 2679(b)–(e):

"(b) The remedy by suit against the United States as provided by section 1346 (b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

"(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his im-

mediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

"(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a

gent operation of a motor vehicle within the scope of their employment, tracks the phraseology of the present statute respecting Government physicians. These cases held that where the Federal Tort Claims Act (28 U.S.C. § 1346(b)) was otherwise available to plaintiff, the fact that the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.* ["FECA"], is exclusive (5 U.S.C. § 8116(c)) does not justify remand. In other words, a remedy under § 1346(b) is not rendered "not available" by virtue of the exclusivity provision of the FECA. Vantrease v. United States, 400 F.2d 853 (6th Cir. 1968); Van Houten v. Ralls, 411 F.2d 940 (9th Cir. 1969), cert. denied, 396 U.S. 962, 90 S.Ct. 436, 24 L. Ed.2d 426 (1969); Carr v. United States, 422 F.2d 1007 (4th Cir. 1970). While the court does not question these decisions, they are hardly dispositive of the issue here presented. These cases rested upon the clear intention of Congress to immunize the individual employee from suit for his negligent conduct in operating a motor vehicle and this intent would be realized whether the remedy was provided under the Federal Tort Claims Act or under the FECA. Remand under such circumstances, the courts held, would defeat the immunizing purpose of the statute.

■ The instant case is quite different. In our view, § 4116 was not intended to immunize from suit, Veterans' Administration physicians charged with defamatory conduct. The statute is headed "Defense of certain malpractice and negligence suits." The legislative history of the statute supports the limitations suggested by the statute's heading, notwithstanding the rather

broad references in subsection (a) of § 4116 to suits for "personal injury" under § 1346(b) being exclusive of "any other civil action * * * by reason of the same subject matter." For instance, the Senate Report on P.L. 89–506 reads in part: "Subsection 4116(a) of title 38 concerns tort claims based on alleged *negligence* of Veterans' Administration medical personnel." (Emphasis added).[3] Again, the Chairman of Senate Subcommittee on Veterans' Affairs stated that "This section adds a new section 4116 to chapter 78, title 38, U.S.C., Department of Medicine and Surgery, to provide protection to physicians, dentists, and nurses in the Department of Medicine and Surgery of the Veterans' Administration, in the event of a *malpractice* suit brought against them."[4] (Emphasis added). Finally, 28 U.S.C. § 2680(h) excepts actions arising out of assault, battery, defamation, etc., not only from § 1346(b) but also from the entire chapter 171 of title 28, which chapter includes the Federal Drivers Act. Thus, consistent with this court's interpretation of § 4116, it is obvious that the Drivers Act is not applicable to a federal driver who intentionally injures a plaintiff with his motor vehicle, notwithstanding the literal terms of the Act. Indeed, the district court in *Van Houten, supra*, 290 F.Supp. 67, 69 (D.Nev.1967), significantly observed in this regard that the case before it was one "exactly" within § 1346(b) and that "there is no provision of the Federal Tort Claims Act which would disqualify Van Houten as a claimant or plaintiff thereunder," unlike the disqualification in the instant case under § 2680(h).

motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

"(e) The Attorney General may compromise or settle any claim asserted in such civil action or proceeding in the manner provided in section 2677, and with the same effect."

3.  Sen.R.No.1327, 89th Cong., 2nd Sess., in U.S.Code Cong. & Admin.News, vol. 2, pp. 2515, 2523 (1966).

4.  Letter from Ralph W. Yarborough, Chairman, Subcommittee on Veterans' Affairs to Harry F. Byrd, Chairman, Committee on Finance in U.S.Code Cong. & Admin. News, vol. 2, pp. 3927–3928 (1965).

443

By enacting § 2680(h), Congress manifested its intent to preclude suit against the United States for defamation by a government employee as an alternative to suit against that employee individually. We cannot conclude that in enacting § 4116, Congress intended to immunize both the Government and the individual employee for the latter's defamatory conduct, leaving the injured plaintiff without a remedy, which would be the anomalous result under the Government's theory,[5] unsupported by the cases, the relevant statutes, or the legislative history.

Consequently, the court adheres to its original decision, and the action is hereby remanded to the State Supreme Court, Nassau County.

So ordered.

5. It is doubtful that the FECA is available to plaintiff herein. 5 U.S.C. § 8102 provides compensation for injury sustained by a governmental employee "in the performance of his duty." In any event, the fortuity of plaintiff's status of a governmental employee should not affect the interpretation of the removal statute. It is clear that a non-governmental employee suing for defamation would be left without a remedy if the Government's position were sustained.