# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 3, 2006          Decided May 5, 2006

No. 05-5270

GIANPAOLO SPINELLI,
APPELLEE

v.

PORTER J. GOSS, DIRECTOR OF THE CENTRAL INTELLIGENCE
AGENCY, ET AL.,
APPELLANTS

Appeal from the United States District Court
for the District of Columbia
(No. 00cv00408)

*Jonathan H. Levy*, Attorney, U.S. Department of Justice, argued the cause for appellants. With him on the briefs were *Peter D. Keisler*, Assistant Attorney General, *Kenneth L. Wainstein*, U.S. Attorney, and *Mark B. Stern*, Attorney.

*Roy W. Krieger* argued the cause for appellee. With him on the brief was *Mark S. Zaid*.

Before: RANDOLPH and TATEL, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*:  This is an interlocutory appeal from a district court order denying a motion to dismiss portions of a complaint.  The complaint alleged as follows.  While on an overseas assignment for the Central Intelligence Agency in 1993, Gianpaolo Spinelli suffered multiple gunshot wounds.  He received treatment at an Army hospital abroad and further treatment upon his return to the United States.  He then began working for the CIA at a different foreign location.  Three years later Spinelli returned to the United States.  A psychologist diagnosed him as suffering from post-traumatic stress disorder or "PTSD."  After a year of psychotherapy with a CIA-approved private psychologist, Spinelli switched to a psychologist of his own choosing, at whose urging he retired from the CIA in 1998.

Spinelli had filed a timely claim for his initial injuries with the Department of Labor under the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101-8193, as a result of which the federal government paid for his medical expenses and awarded him $343,192.22 as compensation for his injuries.[*] After he was diagnosed with PTSD, the government expanded his FECA claim to include his treatment for this condition. Spinelli filed an administrative claim under the Federal Tort Claims Act, *see* 28 U.S.C. § 2672, seeking additional compensation.  The CIA denied the claim in December 1999.

Spinelli sued the CIA and its Director.  He sought damages for the psychological injury stemming from the shooting and for

---

[*] A declaration by the Deputy Director for Federal Employees Compensation provided the details concerning the Department of Labor's treatment of Spinelli's claim and the Secretary's inclusion of his PTSD claim under FECA.  This declaration was properly before the court on a motion to dismiss for lack of subject-matter jurisdiction. *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

the CIA's allegedly negligent treatment of him, which he claimed aggravated his emotional disorder. The complaint rested on several statutes, only two of which are the subject of this appeal: the Tort Claims Act and the Rehabilitation Act, 29 U.S.C. §§ 701-796*l*. The government moved to dismiss both of these claims, the Tort Claims Act claim on the ground that FECA provides the exclusive remedy for work-related injuries, and the Rehabilitation Act claim on the ground that Spinelli failed to exhaust his administrative remedy. After denying the motion, the district court granted the government's motion for certification of an interlocutory appeal without identifying "in writing" – as the statute requires – the "controlling question[s] of law as to which there is substantial ground for difference of opinion" and without stating why "an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b). A motions panel of this court nevertheless accepted the unopposed appeal because it could "discern the district court's intentions." *Spinelli v. Goss*, No. 05-8004 (D.C. Cir. May 6, 2005) (order approving interlocutory appeal) (citing *Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 531 (D.C. Cir. 1989)).

The district court should have dismissed both of Spinelli's claims. As to the Tort Claims Act claim, the Supreme Court held in *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81 (1991), that "FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage. Consequently, the courts have no jurisdiction over [Tort Claims Act] claims where the Secretary determines that FECA applies." *Id.* at 90 (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 780 & n.13 (1985)). Here, the Secretary determined that Spinelli's PTSD claim was covered by FECA. It is of no moment whether, as Spinelli argues, "the state of the law concerning FECA coverage for emotional and psychological injuries sustained by Federal

employees remains unsettled." Br. for Appellee 5. The Secretary's decision in this case settles the matter. That decision is "final and conclusive for all purposes with respect to all questions of law and fact" and "not subject to review . . . by a court." 5 U.S.C. § 8128(b)(1), (2). It is also irrelevant that, as Spinelli alleges, he has received no compensation for his PTSD. He has received reimbursement for the medical expenses relating to his PTSD because the Secretary determined that FECA covered his condition. That determination is the conclusive consideration.

Relying on *Wright v. United States*, 717 F.2d 254 (6th Cir. 1983), Spinelli tries to distinguish the injury underlying his Tort Claims Act claim from the job-related injury for which the Secretary awarded FECA benefits on the basis of the "dual capacity doctrine." *Id.* at 259. In *Wright*, the Sixth Circuit suggested that if the employer provides negligent treatment for a work-related injury, a worker's compensation program will not bar the employee from recovering for the aggravated injury in a tort action against the employer. *Id.*; *see also* Richard A. Epstein, *The Historical Origins and Economic Structure of Workers' Compensation Law*, 16 GA. L. REV. 775, 809-13 (1982) (criticizing the doctrine's expansion). The theory rests on the idea that the employee receives treatment as a patient, not as an employee, and that the employer, in providing treatment, acts in a different capacity than as an employer. *Wright*, 717 F.2d at 259-60. Other circuits have rejected *Wright*'s dual-capacity theory. *See Elman v. United States*, 173 F.3d 486, 490-92 (3d Cir. 1999); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (per curiam); *Votteler v. United States*, 904 F.2d 128, 130-31 (2d Cir. 1990); *Wilder v. United States*, 873 F.2d 285, 289 (11th Cir. 1989) (per curiam); *Vilanova v. United States*, 851 F.2d 1, 7 & n.24 (1st Cir. 1988). The Sixth Circuit itself now holds that FECA bars employees from suing under the Tort Claims Act for "additional injuries caused by negligent

treatment of the first injury." *McCall v. United States*, 901 F.2d 548, 550 (6th Cir. 1990); *see id*. at 551. This result follows from the language of 5 U.S.C. § 8116(c) and from traditional tort theory. Section 8116(c) states that FECA provides the exclusive "liability of the United States . . . because of the injury." Negligence or malpractice liability "arising out of an injury is liability 'because of the injury.'" *Lance*, 70 F.3d at 1095 (quoting § 8116(c)). At common law, "the initial wrong is the cause of all that follows, even when there has intervened a succeeding negligent act that produced the aggravation." *Balancio v. United States*, 267 F.2d 135, 137 (2d Cir. 1959) (L. Hand, J.). FECA, Judge Hand ruled in *Balancio*, was "a substitute for the whole of the claim that, but for it, would have arisen under the Tort Claims Act." *Id.* It follows that the district court lacked jurisdiction over Spinelli's Tort Claims Act claim.

The district court also should have dismissed Spinelli's Rehabilitation Act claim for lack of jurisdiction on the ground that he failed to exhaust his administrative remedy. The Act limits judicial review to employees "aggrieved by the final disposition" of their administrative "complaint," 29 U.S.C. § 794a(a)(1); *see Taylor v. Small*, 350 F.3d 1286, 1292 (D.C. Cir. 2003); *Judd v. Billington*, 863 F.2d 103, 105 (D.C. Cir. 1988), thereby mandating administrative exhaustion. Spinelli never filed an administrative complaint. He says it would have been futile to do so because the CIA did not provide him and his counsel with his medical records. But a court may "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). Such "jurisdictional exhaustion," as we have called it, may not be excused. *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (internal quotation marks omitted). Here jurisdiction

depended on the "final disposition of [an administrative] complaint." 29 U.S.C. § 794a(a)(1). Since there was no administrative complaint and thus no final disposition of one, the district court lacked jurisdiction.

The case is remanded so that the district court may enter an order dismissing Spinelli's claims under the Tort Claims Act and the Rehabilitation Act.

*So ordered.*