Denese SCOTT, Appellant

v.

UNITED STATES POSTAL SERVICE, Appellee.

No. 06–5365.

United States Court of Appeals, District of Columbia Circuit.

Nov. 27, 2007.

David A. Branch, Law Office of David A. Branch, Washington, DC, for Appellant.

R. Craig lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: GARLAND and BROWN, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

The plaintiff's allegations of injury are precisely the same as those for which she previously sought to recover by filing a claim with the Office of Workers' Compensation Programs (OWCP) under the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.*, for the same workplace incident. Although the OWCP and the Employment Compensation Appeals Board concluded that the plaintiff's alleged injuries were covered by FECA, both denied compensation on the ground that the plaintiff had failed to submit sufficient evidence of causation. Under these circumstances, we agree with the district court that FECA provides the exclusive "liability of the United States … because of the injury," 5 U.S.C. § 8116(c), and that an independent lawsuit in federal court is precluded. *See Spinelli v. Goss,* 446 F.3d 159, 161 (D.C.Cir.2006). Our holding is limited to the circumstances herein presented, and we neither adopt nor reach the broader theories of FECA preclusion suggested by the government.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).