NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2015[*]
Decided June 5, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-1054

| | |
|---|---|
| LEONARD FUQUA, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 14 C 2484 |
| UNITED STATES POSTAL SERVICE, et al., | |
| | Charles R. Norgle, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Leonard Fuqua, a former employee of the United States Postal Service, appeals the jurisdictional dismissal of his suit charging USPS with emotional distress related to his firing. We vacate and remand.

Fuqua was employed as a mail handler at the Postal Service's O'Hare Airport Air Mail Center. In 2010 the Postal Service decided to downsize the O'Hare Center, and

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Fuqua was forced to transfer. He was asked to bid for placement at a number of other duty stations, but none was within 30 miles of his home in suburban Chicago. Eventually he was assigned to a mail center in Kansas City. He refused to show up to work in Kansas City and was fired.

Fuqua then filed an administrative claim with the Postal Service under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, asserting both negligent and intentional infliction of emotional distress related to his termination. His claim was denied with the explanation that his exclusive recourse was to the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101–52, a federal law administered exclusively by the Department of Labor that establishes a compensation scheme for federal workers to redress work-related injuries. Soon thereafter Fuqua wrote to the Department of Labor, apparently inquiring about his eligibility for compensation under the FECA. A Labor Department employee responded that it was unclear, based solely on Fuqua's letter, whether he would be entitled to any compensation, but invited him to submit an administrative claim under the FECA.

Fuqua instead brought this suit against the Postal Service under the FTCA, reprising his claims of negligent and intentional infliction of emotional distress. On the defendants' motion, the district court dismissed the suit for lack of subject-matter jurisdiction. The court traced his claim of emotional distress to his time working as a mail handler and "leading up to his termination," and concluded that it lacked jurisdiction to consider a claim relating to a federal employee's workplace injuries. Fuqua's sole remedy, the court added, was the administrative process established by the FECA, over which the Secretary of Labor is the final adjudicator. *See* 5 U.S.C. § 8128(b).

On appeal Fuqua argues that the FECA is inapplicable to his claim because his injuries were not suffered on the job, but instead stemmed from the stress of his termination. Because the FECA applies only to injuries suffered on the job, he says, he may proceed under the FTCA. The government, rather than endorsing the district court's conclusion, counters that it is unclear whether Fuqua's injuries are covered by the FECA, and that because "a substantial question of coverage" exists this suit cannot proceed.

The FECA generally provides the only avenue for federal employees to seek compensation from the government for workplace injuries. *See* 5 U.S.C. § 8116(c); *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94 (1983). The Secretary of

Labor has the final say over whether a particular injury is compensable under the FECA, and the federal courts are barred from reviewing that decision. *See* 5 U.S.C. § 8128(b); 8145. Moreover, if a given injury is covered by the FECA, then a plaintiff may not state a claim under the FTCA based upon that injury. *See Mathirampuzha v. Potter*, 548 F.3d 70, 81 (2d Cir. 2008); *Spinelli v. Goss*, 446 F.3d 159, 161 (D.C. Cir. 2006). When it is unclear whether the FECA covers a particular injury, federal courts defer to the Secretary of Labor, staying litigation until the Secretary makes a final determination regarding coverage. *See, e.g., Mathriampuzha*, 548 F.3d at 85; *Gill v. United States*, 471 F.3d 204, 208–09 (1st Cir. 2006); *Tippetts v. United States*, 308 F.3d 1091, 1095 (10th Cir. 2002); *Noble v. United States*, 216 F.3d 1229, 1235 (11th Cir. 2000); *White v. United States*, 143 F.3d 232, 237–38 (5th Cir. 1998); *Figueroa v. United States*, 9 F.3d 1405, 1408 (9th Cir. 1993).

The government argues that we should adopt this course of action in this case, and we agree. Because Fuqua has submitted evidence that the Department of Labor *may* find his injuries compensable, the administrative scheme established under the FECA should be allowed to run its course and ascertain coverage before litigation proceeds in federal court.

The judgment is **VACATED**, and the case is **REMANDED** with instructions to stay the case pending resolution of an administrative claim under the FECA.