In the

# United States Court of Appeals

### For the Seventh Circuit

No. 18-2415

LEONARD D. FUQUA,

*Plaintiff-Appellant,*

*v.*

UNITED STATES POSTAL SERVICE,
*et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:14-cv-2484 — **Charles R. Norgle**, *Judge.*

ARGUED FEBRUARY 27, 2020 — DECIDED APRIL 23, 2020

Before BRENNAN, SCUDDER, and ST. EVE, *Circuit Judges.*

BRENNAN, *Circuit Judge.* This appeal asks us to consider under which federal employee compensation act a postal worker's claim of emotional distress must be resolved.

## I.

Plaintiff Leonard Fuqua was a mail handler with the United States Postal Service at the O'Hare Airport mail center.

That center was downsized and Fuqua was forced to transfer to a new location. He bid for placement at various other duty stations, but he did not receive placement within thirty miles of his home in suburban Chicago. When he was reassigned to a mail center in Kansas City, he refused to appear for work there and was fired.

Fuqua alleged his termination caused him emotional distress so he made an administrative claim with the Postal Service under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* The Postal Service denied his claim, ruling that his exclusive remedy was through an administrative proceeding before the Department of Labor under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.* Fuqua wrote that department asking whether he was eligible for compensation under that Act. The department responded it was unclear from his letter, and he was invited to submit a formal claim under the FECA. Instead, Fuqua sued the Postal Service and the United States for intentional and negligent infliction of emotional distress, but under the FTCA. The defendants moved to dismiss, arguing that the district court lacked jurisdiction to hear Fuqua's claim because his exclusive remedy was under the Federal Employees' Compensation Act. The court granted the motion to dismiss, and Fuqua appealed.

This court vacated the district court's decision and remanded with instructions to stay the case pending a decision from the Department of Labor as to whether it would consider Fuqua's claim under the FECA. *Fuqua v. USPS*, 607 F. App'x 570 (7th Cir. 2015). We explained "when it is unclear whether the FECA covers a particular injury, federal courts defer to the

Secretary of Labor, staying litigation until the Secretary makes a final determination regarding coverage." *Id*. at 572.

The Department of Labor responded to Fuqua that "[y]our claim for compensation is denied because the evidence is insufficient to establish that you were injured in the performance of duty as required by the Federal Employees' Compensation Act." Fuqua had submitted no documentation that he had provided timely notification of his work injury, had been diagnosed with a condition from an employment activity, or was injured while performing any duty of his employment. Fuqua was asked to complete a questionnaire and submit any supporting evidence within thirty days.

Fuqua did so, alleging he was injured because of defendants' "extreme and outrageous conduct refusing to allow [him] to become assigned a station closer to [his] residence." But he did not submit any additional evidence and failed to provide specific details of his termination. So the department denied his claim under the Federal Employees' Compensation Act, explaining "[e]motional conditions that arise out of administrative and personnel matters, such as termination of employment are usually covered only if the weight of the evidence supports that the employer acted in an abusive manner or erred in some way." The department concluded that Fuqua had failed to establish "that the employing agency acted erroneously or abusively in terminating [his] employment."

The defendants then moved to dismiss Fuqua's complaint in the district court for lack of subject matter jurisdiction. They argued the department's acceptance and adjudication of Fuqua's claims under the FECA proved that Act applied to

his claims and the department had exclusive jurisdiction. The district court agreed and dismissed Fuqua's case.[1]

Fuqua appealed pro se. After reviewing the case we decided counseled briefing and oral argument were appropriate. *See* FED. R. APP. P. 34 (a)(2)(C). Counsel was recruited for Fuqua[2] and the parties were asked to address whether the district court properly dismissed this case on the ground that the Department of Labor had accepted exclusive jurisdiction under FECA over Fuqua's claims.

## II.

We review de novo the dismissal of a complaint for lack of jurisdiction. *Sykes v. Cook Cty.*, 837 F.3d 736, 739 (7th Cir. 2016). We may affirm a dismissal for lack of jurisdiction on any ground supported in the record. *Id*. at 740; *Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 (7th Cir. 2019).

## A.

First, we consider whether the district court erred in dismissing Fuqua's emotional distress claim under the Federal Tort Claims Act for lack of jurisdiction.

---

[1] As a result of these same events, Fuqua also sued alleging age discrimination and for breach of his union's duty of fair representation. The district court granted summary judgment for the Postal Service on the age discrimination claim and dismissed Fuqua's claims related to the collective bargaining agreement. This court affirmed that decision. *Fuqua v. Brennan*, 645 F. App'x 519 (7th Cir. 2016).

[2] We thank Randall Schmidt and Michael Cardoza of the Edwin F. Mandel Legal Aid Clinic of the University of Chicago Law School for their helpful service in this case to Fuqua and to the court.

Under the Federal Employees' Compensation Act, a federal employee is compensated for personal injuries sustained while performing his duties without proof of negligence by the government. 5 U.S.C. § 8102(a). Modeled on state workers' compensation statutes, these benefits are intended to be the exclusive remedy of the injured employee. 5 U.S.C. § 8116(c). When a federal employee's injury falls within the scope of the FECA, its administrative process controls and the employee may not sue the government under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), seeking damages for the injuries. *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 192–94 (1983) (citing 5 U.S.C. § 8116(c)); *see also Ezekiel v. Michel*, 66 F.3d 894, 898-99 (7th Cir. 1995) (finding federal employee injured on job had exclusive remedy in FECA, not FTCA).

The Secretary of Labor has exclusive authority to administer FECA claims and to decide questions arising under that Act, including whether a claim is covered. 5 U.S.C. § 8145. The Secretary's decision to allow or to deny payment under that Act is "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(2). Indeed, the Federal Employees' Compensation Act "contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage. Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies." *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (internal citations and quotation marks omitted). This bar applies even when employees are not entitled to any benefits, such as when the Secretary of Labor decides that an injury is not compensable under the FECA.

Because the Secretary has sole authority to administer the Federal Employees' Compensation Act, the courts' jurisdiction is limited to considering whether a "substantial question" of coverage exists under the FECA. *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998). Such a "substantial question" does not exist if it is certain as a matter of law that the Secretary would find the claim outside the scope of that Act. *Id.* If there is a "substantial question" of coverage, a plaintiff cannot pursue a tort claim unless the Secretary determines that the FECA does not apply. *Id.; Bennett v. Barnett*, 210 F.3d 272, 277 (5th Cir. 2000).

Earlier in this case, this court followed this legal framework and decided that a "substantial question" of coverage existed under the FECA. We stayed the case pending the Secretary of Labor's resolution of the issue. 607 F. App'x at 572. Fuqua was asked to present evidence supporting his allegations. But he submitted only two documents relating to his treatment by licensed professional counselors (not a qualified physician, as the FECA requires), and a two-page letter he authored which provided no details about his termination. The Secretary then exercised jurisdiction over Fuqua's claim and denied it for lack of evidence. The denial was based on lack of proof, not lack of coverage. *See Bennett*, 210 F.3d at 277, n.7 ("Had the Secretary of Labor agreed with [plaintiff], the Secretary would have dismissed the claim for lack of coverage; however, the dismissal was based on lack of proof."). The "substantial question" of coverage was answered when the Secretary exercised jurisdiction and dismissed the claims for insufficient evidence.

Fuqua attempts to carve out an exception to the Federal Employees' Compensation Act's exclusive remedy provision.

He focuses on the ruling of the department's hearing examiner: "Emotional conditions that arise out of administrative and personnel matters, such as termination of employment, are usually covered by FECA only if the weight of the evidence supports that the employer acted in an *abusive* manner or *erred* in some way." (emphases supplied). Fuqua reads this decision as any emotional distress claim not resulting from abusive or erroneous conduct by the employer is not covered by the FECA.

But the inquiry is different. At issue is whether the injury, not the conduct, is within the scope of that Act. *See White*, 143 F.3d at 234 (deciding substantial question of coverage based upon plaintiff's injuries within the Act). In its decision the department correctly considered the injury, not the conduct: "Under the FECA, your *injury* and/or medical condition must have arisen during the course of employment … ." (emphasis added).

Even if this court were to entertain the exception for which Fuqua advocates, federal courts have not recognized Federal Tort Claims Act jurisdiction over emotional distress claims when the Federal Employees' Compensation Act provides coverage. *See Spinelli v. Goss*, 446 F.3d 159, 160–62 (D.C. Cir. 2006) (remanding for district court to enter order dismissing claims under FTCA and noting Secretary's decision that FECA covered plaintiff's emotional and psychological injuries "settles the matter"); *Bennett*, 210 F.3d at 277 (reversing plaintiff's damage award because district court lacked jurisdiction over emotional distress claim under FTCA when Secretary ruled the same emotional distress injury was covered by FECA); *Swafford v. United States*, 998 F.2d 837, 839-40 (10th Cir. 1993) (holding that federal employee who received

benefits under FECA for work-related mental distress could not maintain FTCA suit against the government because FECA covered that injury and was exclusive remedy); *McDaniel v. United States*, 970 F.2d 194, 195–197 (6th Cir. 1992) (affirming dismissal of FTCA claim for lack of jurisdiction because the Secretary determined FECA covered postal worker's emotional injuries); *Teplitsky v. Bureau of Comp., et al.*, 288 F. Supp. 310, 312 (S.D.N.Y.), *aff'd as modified*, 398 F.2d 820, 821 (2d Cir. 1968) (holding postal worker could not sue under FTCA for damages for cruelty and other torts because awards under FECA are exclusive).

Although a federal employee may receive benefits under the Federal Employees' Compensation Act for job-related mental distress, such a claim cannot be maintained under the Federal Tort Claims Act when the FECA applies.

## B.

The defendants also ask us to affirm on a ground not relied on below: that the Postal Reorganization Act, 39 U.S.C. § 1001 *et seq.*, precludes an employment-related claim of emotional distress such as this under FTCA.

The Postal Reorganization Act sets out a comprehensive system of employment rights which precludes other employment-related claims. *See Roman v. USPS*, 821 F.2d 382, 386 (7th Cir. 1987). That Act provides that the Civil Service Reform Act, 5 U.S.C. § 1101 *et seq.*, relating to adverse employment actions, applies to postal service employees. *See* 39 U.S.C. § 1005(a)(1). So postal employees may challenge "prohibited personnel practices" under the Civil Service Reform Act. *See Jense v. Runyon*, 990 F. Supp. 1320, 1330 (D. Utah 1998) (citing 5 U.S.C. § 2302 definition of "prohibited personnel

practices"). "A residual statute like the FTCA [] cannot co-exist with a comprehensive employment relations scheme" like the Civil Service Reform Act. *American Postal Workers Union, AFL-CIO v. USPS*, 940 F.2d 704, 708 (D.C. Cir. 1991) (refusing "to permit the appellants to use the FTCA as a means of circumventing" the Postal Reorganization Act).

Fuqua concedes a federal employee alleging an employment-related tort claim subject to the Civil Service Reform Act may not bring an action under the FTCA. But he argues "the mere fact that a postal employee's tort claims arise out of a federal employment relationship does not mean that the claimed torts are employment-related as a matter of law or necessarily involve prohibited personnel practices as defined by the [Civil Service Reform Act]."

A "personnel action" under the Civil Service Reform Act is defined as including "(iv) a detail, *transfer, or reassignment*." 5 U.S.C. § 2302(a)(2)(A) (emphasis added). Fuqua lists examples of what is not considered a "personnel action," such as assault, battery, false imprisonment, and wiretapping. But Fuqua did not allege any such actions. He claimed he was terminated as a result of "extreme and outrageous conduct refusing to allow [Fuqua] to become *assigned* a station closer to [his] residence." (emphasis added). Fuqua's allegation falls within the "transfer, or reassignment" definition of "personnel action," 5 U.S.C. § 2302(a)(2)(A)(iv), so he has no claim under the FTCA. The Postal Reorganization Act, incorporating the Civil Service Reform Act, precludes such a claim. We decline Fuqua's request to remand this case to the district court for a factual determination whether his complained-of conduct falls within the definition of a personnel action, as no doubt "transfer, or reassignment" does.

### III.

The Federal Employees' Compensation Act applied to Fuqua's claim, its administrative scheme ran its course, and his claim for emotional distress was denied for lack of evidence. The district court correctly ruled it had no subject matter jurisdiction over his claims under the Federal Tort Claims Act. So we AFFIRM its judgment.