# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 20-5111

September Term, 2021

FILED ON: DECEMBER 27, 2021

KIM L. CARTER,

        APPELLANT

v.

BILL NELSON, ADMINISTRATOR, NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,

        APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-01752)

---

Before: TATEL, PILLARD and WILKINS, *Circuit Judges*.

## J U D G M E N T

We heard this appeal on the record from the United States District Court for the District of Columbia. After giving full consideration to the parties' briefs, we have determined that the issues therein do not warrant a published opinion. *See* D.C. Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed.

Former NASA employee Kim Carter filed suit against the administrator of NASA, alleging that NASA denied her reasonable accommodations for her disabilities, discriminated and retaliated against her due to her participation in protected activities and membership in protected classes, exposed her to a hostile work environment, and constructively discharged her from her job. Compl. ¶¶ 62–154, *Carter v. Bridenstine*, No. 17-1752, 2020 WL 1536250 (D.D.C. Mar. 31, 2020) ("Compl."). In a thorough, well-reasoned 38-page opinion, the district court carefully reviewed the record, found no genuine issue of material fact with respect to any of Carter's claims, and granted summary judgment for NASA. *Carter*, 2020 WL 1536250, at *7–19. We affirm.

Starting with the failure to accommodate claim, Carter points to no evidence that "episodic telework" was an unreasonable accommodation for her medical conditions, which

affected her in an "episodic" manner. Carter Dep. 34:11–40:8. Carter's argument that her supervisor rejected her requests for telework contradicts Carter's own deposition testimony. *Id.* at 45:12–21; *see Pyramid Securities Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1123 (D.C. Cir. 1991) ("[A] party may not create a material issue of fact . . . by contradicting its prior sworn testimony . . . unless the shifting party can offer persuasive reasons for believing the supposed correction."). And Carter's assertion that NASA "fail[ed] to effect a transfer" is inapposite. Appellant's Br. 30–32. "[T]he employer need only provide some reasonable accommodation," not the accommodation that the employee requests or prefers. *Aka v. Washington Hospital Center*, 156 F.3d 1284, 1305 (D.C. Cir. 1998).

As for Carter's second request for accommodation, the district court rightly concluded that it lacked jurisdiction because Carter failed to exhaust her administrative remedies. *Carter*, 2020 WL 1536250, at *9–10. Filing a formal administrative complaint is a prerequisite to exhaustion, and Carter's Equal Employment Opportunity (EEO) complaints made no mention of her second accommodation request. *See Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006) (The Rehabilitation Act "mandat[es] administrative exhaustion."); *Hamilton v. Geithner*, 666 F.3d 1344, 1350 (D.C. Cir. 2012) (Plaintiff failed to exhaust administrative remedies where his "formal EEO complaint ma[de] no mention" of the challenged action.). Carter's EEO complaints also "'contained no claims or factual allegations that could reasonably be expected upon investigation to lead to' evidence supporting" Carter's claim that NASA ignored her second accommodation request. *Haynes v. District of Columbia Water & Sewer Authority*, 924 F.3d 519, 529 (D.C. Cir. 2019) (quoting *Park v. Howard University*, 71 F.3d 904, 909 (D.C. Cir. 1995)).

Carter's remaining claims—that the "denial" of her accommodation requests, the receipt of assignments from her supervisor, documentation noting her inadequate job performance, and deferral of a pay increase due to her inadequate job performance are discriminatory and retaliatory—fare no better. Compl. ¶¶ 84–139. As the district court explained, NASA proffered legitimate reasons for each action, and Carter points to no evidence that NASA's explanations were pretextual. *See Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493–94 (D.C. Cir. 2008) (Where defendant "asserts a legitimate, non-discriminatory reason" for its actions, the central question on summary judgment is whether "the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee."). Carter also fails to make out hostile work environment and constructive discharge claims because her supervisor's "isolated expression of frustration . . . alone cannot rise to the level of severity indicating hostility or abuse." *Brooks v. Grundmann*, 748 F.3d 1273, 1277 (D.C. Cir. 2014); *see Pennsylvania State Police v. Suders*, 542 U.S. 129, 134 (2004) ("[T]o establish 'constructive discharge,' the plaintiff must make a further showing" beyond that needed to establish a hostile work environment.).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk