**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1865
_____

RANDALL L. SPADE,
Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-15-cv-02513)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 24, 2022
_____

Before:  CHAGARES, Chief Judge, McKEE and MATEY, Circuit Judges

(Filed: February 14, 2022)
_____

OPINION[*]
_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Appellant Randall Spade brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. §§ 8541, et seq. Spade alleges that the Bureau of Prisons ("BOP") negligently provided his personal information to inmates at the prison where he worked as a corrections officer. The District Court concluded that it did not have subject matter jurisdiction over Spade's claims because the Federal Employees' Compensation Act ("FECA") provided the exclusive remedy for injuries sustained by a federal employee acting in the scope of his employment. The District Court accordingly dismissed the amended complaint under Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, we will affirm the order of the District Court.

I.

We write primarily for the parties and recite only the facts essential to our decision. At all relevant times, Spade served as a corrections officer at the United States Penitentiary in Lewisburg, Pennsylvania. In September 2011, as Spade was escorting an inmate to his cell, the inmate suggested that he knew that Spade resided in Richfield, Pennsylvania with his family. The same inmate began to recite Spade's social security number. Spade reported this interaction to a federal official, and a subsequent investigation revealed that Spade's unredacted personal information had been mistakenly provided to the inmate in response to a Freedom of Information Act request.

Other corrections officers at the Lewisburg prison overheard inmates reciting Spade's personal information or claiming to have such information memorized between

2

November and December 2011. As a result, Spade alleges that he suffers extreme emotional distress, fears for his and his family's safety, and has experienced detrimental effects on his work environment. Spade also incurred, and continues to incur, medical costs associated with his injury.

In December 2015, Spade filed this action bringing claims for negligent infliction of emotional distress under the FTCA and the Pennsylvania Political Subdivision Tort Claims Act, a Pennsylvania state statute that operates similarly to the FTCA. Spade filed an amended complaint in November 2017. The District Court dismissed that complaint for failure to state a claim and held that Spade's claims must be dismissed because Spade failed to identify "any Pennsylvania authority creating liability for the negligent handling or disclosure of personal information[.]" Spade v. U.S. Dep't of Just., 2018 WL 2113888, at *2 (M.D. Pa. May 8, 2018) ("Spade I"), vacated and remanded sub nom. Spade v. United States, 763 F. App'x 294 (3d Cir. 2019) ("Spade II"). Spade appealed that dismissal.

While the appeal was pending, the Pennsylvania Supreme Court issued a decision holding that employers had a duty of care to employees when collecting and storing employees' personal information. See Dittman v. UPMC, 196 A.3d 1036, 1048 (Pa. 2018). This Court remanded the case to the District Court with instructions that the District Court obtain a determination from the Department of Labor ("DOL") as to whether FECA barred Spade's claims, and, if not, that the District Court address the effect of Dittman. Spade II, 763 F. App'x at 295–96.

Spade then pursued his claims before the DOL, which denied Spade's claims. The DOL determined that Spade "established that [he was] a Federal civilian employee who filed a timely claim," and that the evidence supported that the events happened as described and "within the performance of duty." D.C. Doc. No. 32-1, Attach. B ("DOL Op.") at 2. Spade's claims were nevertheless denied because he failed to submit to the DOL the requested medical evidence.

Following the DOL's denial, the Government moved to dismiss the amended complaint. The District Court granted that motion pursuant to Rule 12(b)(1), finding that it lacked subject matter jurisdiction. That order forms the basis for this appeal. The court reasoned that the DOL had rendered a decision on the merits of Spade's claims and determined that the claims were covered by FECA. The court held that because FECA applied, the District Court lacked subject matter jurisdiction over the case. Spade timely appealed.

## II.[1]

Spade invoked the District Court's jurisdiction under 18 U.S.C. §§ 1331, 1343 and 1367, but the District Court held that it lacked subject matter jurisdiction because the DOL had determined that FECA covered Spade's emotional distress claims.

FECA provides federal employees with a comprehensive remedy for injuries

---

[1] We have appellate jurisdiction over the District Court's dismissal of the complaint under 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). Ellison v. Am. Bd. of Orthopaedic Surgery, 11 F.4th 200, 205 n.2 (3d Cir. 2021). In assessing a factual attack on the District Court's subject matter jurisdiction, we may consider evidence outside the amended complaint. See Gotha v. United States, 115 F.3d 176, 178–79 (3d Cir. 1997).

4

sustained "in the performance of duty." 5 U.S.C. § 8102(a). FECA guarantees federal employees "the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 194 (1983). FECA is thus the exclusive remedy for federal employees seeking compensation for covered injuries. 5 U.S.C. § 8116(c). Whether a claim is covered by FECA is a determination made by the Secretary of Labor (the "Secretary"). See Heilman v. United States, 731 F.2d 1104, 1109 (3d Cir. 1984). The Secretary's coverage determination, as well as the amount of any award, "is final, and review of any kind by a court is absolutely barred." Id. (citing 5 U.S.C. § 8128(b)(2)).

FECA operates as a jurisdictional bar. This Court has explained that if "a claim is covered under FECA, then the federal courts have no subject matter jurisdiction to entertain the action, since the United States has not otherwise waived its sovereign immunity to suit." Id. Where there is a "substantial question" as to whether FECA covers the claim, courts should not hear that claim. Id. at 1110. "A 'substantial question' exists unless it is certain that the Secretary would find no coverage." Id.

Spade makes three arguments that FECA does not bar his claims. First, he argues that there is a Circuit split as to whether FECA covers emotional distress claims that are not associated with a physical injury. The Court of Appeals for the Ninth Circuit has indeed held that FECA does not cover emotional distress injuries that are "divorced from any claim of physical harm." Sheehan v. United States, 896 F.2d 1168, 1174 (9th Cir.), as amended, 917 F.2d 424 (9th Cir. 1990); see also Moe v. United States, 326 F.3d 1065,

5

1068 (9th Cir. 2003). But as the District Court noted, this is a minority position. This Court has taken the position that the Secretary's determinations regarding FECA coverage and scope are final and unreviewable by any court, see Heilman, 731 F.2d at 1109, a position held by many of our sister Courts of Appeals, see, e.g., Mathirampuzha v. Potter, 548 F.3d 70, 82 (2d Cir. 2008) ("Only the Ninth Circuit has taken the position . . . that a federal court decides the threshold question whether the type of injury alleged falls within the scope of FECA coverage . . . ."); Swafford v. United States, 998 F.2d 837, 841 (10th Cir. 1993) ("The Secretary of Labor, not the Tenth Circuit, has the final say as to the scope of FECA."); McDaniel v. United States, 970 F.2d 194, 197 (6th Cir. 1992) (same). We are bound by the Secretary's determination as to whether FECA covers Spade's emotional distress claims.

Second, Spade argues that the Secretary did not deny his claims on the merits and therefore that the Secretary did not determine that FECA applied to his claims. The District Court concluded that, although the Secretary declined to award Spade compensation, the Secretary nevertheless found that FECA applied to Spade's claims. We agree. The DOL found that: (1) Spade was a federal employee; (2) the emotional distress injuries occurred as Spade claims; and (3) Spade's injuries occurred in the course of Spade's employment. The DOL clarified that Spade's claims were denied because Spade "did not submit any medical evidence containing a medical diagnosis in connection with the injury and/or event" as the DOL requested. DOL Op. 2. Spade's claims were not denied for lack of coverage but because he failed to submit the requested medical documentation of his diagnosis. That is a question of sufficiency of Spade's

6

medical evidence, not a question of FECA coverage. That the Secretary reached the issue of the sufficiency of Spade's medical evidence indicates that the Secretary found that FECA applied. As the District Court explained, this holding is in line with courts examining similar denials for failure to submit sufficient evidence. See, e.g., Fuqua v. U.S. Postal Serv., 956 F.3d 961, 964 (7th Cir. 2020) (holding that denials for insufficient evidence show that the Secretary thought that coverage existed); Bennett v. Barnett, 210 F.3d 272, 277 (5th Cir. 2000) (same). At a minimum, it presents a substantial question of FECA coverage, which would also divest the District Court of subject matter jurisdiction.

Finally, Spade argues that his case should not be dismissed because he still has avenues to appeal the Secretary's decision. But again, the District Court correctly held that it must dismiss the case because it lacks subject matter jurisdiction. That Spade may have remaining administrative appeals is of no relevance.[2]

### III.

For the foregoing reasons, we will affirm the order of the District Court.

---

[2] Because the District Court dismissed for lack of subject matter jurisdiction, it did not analyze the effect of Dittman on Spade's claims.