**Irving LANCE, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 94–56579.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 1995.[*]

Decided Nov. 27, 1995.

---

4. See also then-Associate Justice Rehnquist's concurring opinion in *Wainwright:*

[I]n evaluating whether or not this minute extract from the prosecutor's closing argument can be deemed harmless, ... I think an important factor ... was that the testimony on which the summation was based had already come in without objection. It was there for the jury to consider on its own regardless of whether the prosecutor ever mentioned it. This fact, together with the brevity of the prosecutor's improper comment, at least suggests that the error was harmless beyond a reasonable doubt. *Wainwright,* 474 U.S. at 301, 106 S.Ct. at 643–44 (Rehnquist, J.) (citations omitted). This observation is equally applicable here.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Barry S. Zelner, Beverly Hills, California, for plaintiff-appellant.

Suzette Clover, Assistant United States Attorney, Los Angeles, California, for defendant-appellee.

Before: FARRIS, BRUNETTI and KOZINSKI, Circuit Judges.

PER CURIAM:

Lance was a volunteer worker at a Veterans Administration hospital. He was injured at the hospital and received treatment for the injury there. He's now suing the government under the Federal Tort Claims Act for medical malpractice based on the treatment.

As explained below, the Federal Employees Compensation Act preempts FTCA suits based on medical malpractice arising out of federal employees' injuries at work. The district court therefore properly dismissed Lance's FTCA suit.

FECA provides the exclusive remedy against the federal government for federal employees injured at work. 5 U.S.C. § 8116(c). Volunteer workers at Veteran's Administration hospitals are "employees" for FECA purposes. 5 U.S.C. § 8101(1)(B); 38 U.S.C. § 513. FECA would therefore clearly bar an FTCA suit by Lance to recover for the injury he suffered at work. Although Lance isn't suing for the injury he suffered at work, but for medical malpractice arising out of the injury, this is a distinction without a difference.

When it comes to federal employees, FECA benefits are the only "liability of the United States ... *because of* the injury." 5 U.S.C. § 8116(c) (emphasis added). As a matter of textual interpretation, there's a strong argument that liability based on medical malpractice arising out of an injury is liability "because of the injury." FECA's rationale confirms this reading of the statute. Congress enacted FECA to give federal employees smaller but more certain and less costly recoveries in exchange for the right to sue the government in tort. *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194, 103 S.Ct. 1033, 1036–37, 74 L.Ed.2d 911 (1983). Under traditional tort causation principles, a plaintiff's right to recover for an injury generally includes the right to recover for medical malpractice arising out of the injury. *See* Restatement (Second) of Torts § 457 (1965). Therefore, when Congress gave federal employees the right to recover for an injury under FECA, it took away their right to sue the government in tort for medical malpractice arising out of the injury, as well as for the injury itself. *See, e.g., McCall v. United States*, 901 F.2d 548, 550–51 (6th Cir.1990) (citing cases).

The district court also properly dismissed Lance's action to the extent his complaint named Does 1 through 20 as additional defendants: The United States is the only proper defendant in an FTCA action. *See Woods v. United States*, 720 F.2d 1451, 1452 n. 1 (9th Cir.1983).

**AFFIRMED.**