**Gary Norman JOHNSON, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; United States Department of the Air Force, Respondents.**

No. 00–71036.

Agency No. BRB# 00–542.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Gary Norman Johnson petitions pro se for review from the orders of the Benefits Review Board ("BRB") affirming the Administrative Law Judge's summary decision that it lacked jurisdiction over Johnson's claim, and denying his motion for reconsideration en banc. We have juris-

diction pursuant to 33 U.S.C. § 921(c). We review for errors of law and adherence to the substantial evidence standard, *Marine Power & Equipment v. Dep't of Labor*, 203 F.3d 664, 667 (9th Cir.2000), and we deny the petition for review.

Johnson was a federal employee, but not an employee of a nonappropriated fund instrumentality. Thus, his exclusive remedy for a workers' compensation claim is through the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8102(a), 8116(c), and he is ineligible for workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. §§ 901–50, as amended by the Nonappropriated Fund Instrumentalities Act, 5 U.S.C. §§ 8171–93. *See Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir.1995).

Furthermore, section 33(a) of the Longshore Act does not provide an exception to this rule, rather, it allows an employee whose claim falls under the jurisdiction of the Longshore Act to pursue claims against third parties for the same injury. *See* 33 U.S.C. § 933. Therefore, the BRB correctly concluded that it lacks jurisdiction over Johnson's workers' compensation claim.

Johnson also seeks review of his discrimination complaint filed pursuant to Uniform Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311. Enforcement of USERRA rights is vested in the Merit Systems Protection Board, with the Federal Circuit having appellate review. *See* 38 U.S.C. § 4324(c) and (d). Thus, this Court lacks jurisdiction to review Johnson's complaint.

We decline to consider Johnson's contention that jurisdiction for his workers'

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

compensation claim is conferred under the Longshore Act, 33 U.S.C. § 901, as amended by the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333, because Johnson raised this issue for the first time in his reply brief to this Court. *See Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990).

Johnson's remaining contentions lack merit.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.