**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM G. KOCOL; TIMOTHY A. GAJEWSKI,<br><br>            Plaintiffs-Appellants,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA; FRANK BURNETT, CBP Officer, in his individual capacity,<br><br>            Defendants-Appellees. | No. 14-56149<br><br>D.C. No. 2:13-cv-03511-ABC-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

William G. Kocol and Timothy A. Gajewski appeal pro se from the district

court's judgment dismissing their action brought under *Bivens v. Six Unknown*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010) (subject matter jurisdiction); *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998) (qualified immunity); *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 875 (9th Cir. 1992) (substitution of the United States as a defendant). We affirm.

The district court properly dismissed the first cause of action on the basis of qualified immunity because plaintiffs failed to allege that defendant Burnett violated a constitutional right that was clearly established at the time of the conduct in question. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011) (an official violates clearly established law only if, at the time of the challenged conduct, the right's contours were sufficiently clear that every reasonable official would have understood that he was violating it); *see also Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994) ("[A]n officer who acts in reliance on a duly-enacted statute or ordinance is ordinarily entitled to qualified immunity.").

The district court properly ordered substitution of the United States as the defendant in the second through fifth causes of action because those causes of action alleged California common law torts and did not allege constitutional

14-56149

violations. *See* 28 U.S.C. § 2679(b) (FTCA provides exclusive remedy against the United States for injury resulting from wrongful act of a government employee acting within the scope of his office or employment); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action.").

The district court properly dismissed the second through fifth causes of action for lack of subject matter jurisdiction because plaintiffs failed to exhaust their administrative remedies. *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (presenting an administrative claim is a jurisdictional prerequisite to filing an action under the FTCA).

The district court did not abuse its discretion in denying plaintiffs' motion for default judgment because defendants filed a motion to dismiss and a motion for reconsideration, sufficiently indicating their intent to defend this action. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors district courts should consider before entering a default judgment); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (describing district courts' wide discretion in case management and obligation "to secure the just, speedy, and inexpensive determination of every

14-56149

action" (citation and internal quotation marks omitted)).

**AFFIRMED.**