**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SCOTT McRAE,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>BAIRAMIAN DIKRAN, Health Care Provider at Memorial Medical Center Modesto; et al.,<br><br>    Defendants-Appellees. | No. 18-17019<br><br>D.C. No. 1:16-cv-01066-LJO-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 11, 2019[**]

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

Federal prisoner Michael Scott McRae appeals pro se from the district

court's judgment dismissing his action brought under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal Tort Claims Act ("FTCA"), alleging claims stemming from his medical treatment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, reverse in part, and remand.

The district court properly dismissed McRae's FTCA claim because McRae failed to allege facts sufficient to state a cognizable claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (the FTCA bars a claimant from bringing suit in federal court unless the claimant has first exhausted administrative remedies); *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action.").

The district court dismissed McRae's deliberate indifference claim on the basis that McRae's allegations were too conclusory to infer that any of the defendants knew of and disregarded a substantial risk of serious harm to McRae's health. However, McRae alleged in his second amended complaint that defendants

performed surgery on McRae's back without his consent. Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health); *see also Carlson v. Green*, 446 U.S. 14, 17-18 (1980) (recognizing a *Bivens* claim for deliberate indifference to serious medical needs under the Eighth Amendment). We therefore reverse the judgment on this claim only and remand for further proceedings.

Because we reverse the dismissal on one of McRae's federal claims, we also remand for the district court to reconsider whether it will exercise supplemental jurisdiction over McRae's state law claims.

We reject as unpersuasive McRae's contentions regarding the district court's dismissal of his action prior to defendants being served.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

18-17019