**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SABELITA HAWKINS, an individual and resident of the State of Washington,<br>　　　　　　*Plaintiff-Appellant*,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF VETERANS AFFAIRS; VA PUGET SOUND HEALTH CARE SYSTEM; JOHN DOES, 1–10; JANE DOES, 1–10,<br>　　　　　*Defendants-Appellees*. | No. 19-35918<br><br>D.C. No.<br>2:16-cv-00498-JLR<br><br><br>OPINION |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted June 8, 2021
Seattle, Washington

Filed September 28, 2021

Before: William A. Fletcher, Paul J. Watford, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge Watford

**SUMMARY**[*]

**Federal Tort Claims Act / Federal Employees'
Compensation Act**

The panel reversed the district court's judgment against the plaintiff in her Federal Tort Claims Act ("FTCA") action alleging negligent medical care provided by Drs. Daniel Doan and Carl Jensen at a hospital run by the Department of Veterans Affairs ("VA").

Plaintiff is a veteran of the U.S. Navy who suffered a mental breakdown at work. She sought follow-up psychiatric care at a VA hospital, where she allegedly received negligent treatment from VA Drs. Doan and Jensen. At the time she sought treatment, plaintiff was an employee of the federal government, and she claimed her mental breakdown in October 2011 was caused by years of workplace bullying and harassment by her supervisor.

The Federal Employees' Compensation Act ("FECA") establishes a workers' compensation scheme that covers most federal employees, and when an employee sustains an injury covered by FECA, the exclusive remedy is to seek compensation under FECA.

The panel held that the district court erred in dismissing plaintiff's FTCA action on the ground that it was barred by the FECA. In this case, plaintiff was not suing the United States for injuries caused by the workplace bullying and harassment, but rather sought to recover damages for the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

alleged malpractice of the individual doctors. The panel held that *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (per curiam) (holding that "when Congress gave federal employees the right to recover for an injury under FECA, it took away their right to sue the government in tort for medical malpractice arising out of the injury"), did not control the outcome here because the injury for which plaintiff sought medical treatment was not job-related. Before filing this action, plaintiff pursued a claim for benefits under FECA to recover compensation for the workplace bullying and harassment. The agency that administers FECA, the Office of Workers' Compensation Programs (OWCP), denied the claim, and concluded that plaintiff's injury was not sustained while in the performance of duty, as required for recovery under FECA. The panel concluded that under these facts, plaintiff could pursue her claim for medical malpractice under the FTCA. Once the OWCP concluded that plaintiff's mental breakdown was caused by events or circumstances outside the workplace, she was free to seek recovery under the FTCA for alleged malpractice of her VA doctors. The panel remanded for further proceedings.

## COUNSEL

Tuella O. Sykes (argued), Law Office of Tuella O. Sykes, Seattle, Washington, for Plaintiff-Appellant.

Teal Luthy Miller (argued), Assistant United States Attorney; Brian T. Moran, United States Attorney; United States Attorney's Office, Seattle, Washington; for Defendants-Appellees.

**OPINION**

WATFORD, Circuit Judge:

Sabelita Hawkins is a veteran of the United States Navy who suffered a mental breakdown at work in October 2011. She was escorted from her workplace in handcuffs and hospitalized for two days for observation. Shortly after her release, she sought follow-up psychiatric care at a hospital run by the Department of Veterans Affairs (VA). According to Hawkins, the VA doctors who treated her, Drs. Daniel Doan and Carl Jensen, negligently failed to prescribe medication to address the severe insomnia and anxiety she was experiencing, despite her complaints that the anti-depressant she had been prescribed was not helping.

In December 2011, after getting little to no sleep for several days, Hawkins suffered a "psychotic break" during which she attacked and seriously wounded her mother with a knife. Hawkins was criminally prosecuted for the attack and spent a year in jail as a result of her conviction. She also lost her job as a registered nurse and has been unable to return to work. Hawkins alleges that the negligent medical care provided by Drs. Doan and Jensen caused her to suffer the December 2011 psychotic break.

After properly exhausting her administrative remedies, Hawkins sued the United States under the Federal Tort Claims Act (FTCA) for the alleged medical malpractice of Drs. Doan and Jensen. The FTCA authorizes plaintiffs to sue the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or

omission occurred." 28 U.S.C. § 1346(b)(1). The question before us is whether Hawkins may sue under this provision.

If Hawkins had been a run-of-the-mill patient of Drs. Doan and Jensen, this action would plainly have been authorized under the FTCA. But two additional facts complicate the analysis. At the time she sought treatment, Hawkins was an employee of the federal government, working as a registered nurse at the VA hospital in Seattle. In addition, Hawkins claimed that her mental breakdown in October 2011—the event that prompted her to seek medical care from Drs. Doan and Jensen—was caused by years of workplace bullying and harassment by her supervisor.

These facts complicate the analysis because they bring into play another federal statute: the Federal Employees' Compensation Act (FECA). FECA establishes a workers' compensation scheme that covers most federal employees, including in this instance Hawkins. *See* 5 U.S.C. § 8101(1) (defining "employee"). With exceptions not relevant here, FECA provides that the United States "shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." § 8102(a). When an employee sustains an injury covered by FECA, her exclusive remedy is to seek compensation under the Act; she may not sue the United States for damages under any other provision of law, including the FTCA. § 8116(c). As the Supreme Court has explained, FECA embodies "the principal compromise . . . commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983). Thus, if Hawkins

had sued the United States under the FTCA to recover damages for the workplace bullying and harassment she allegedly endured, the district court would have been required to dismiss the action as barred by FECA. *See Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991); *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003).

In this case, Hawkins is not suing the United States for injuries caused by the workplace bullying and harassment. She instead seeks to recover damages for the alleged medical malpractice of Drs. Doan and Jensen. The government argues that her malpractice claim is barred by FECA as well, given our decision in *Lance v. United States*, 70 F.3d 1093 (9th Cir. 1995) (per curiam). The district court agreed, but for the reasons that follow, we reach a different conclusion.

The plaintiff in *Lance* worked at a VA hospital and was injured on the job. He received medical care for his injury at the same VA hospital. He later filed an action under the FTCA seeking damages for medical malpractice arising out of the treatment he received. *Id.* at 1094–95. We held that FECA barred his action. Relying on "traditional tort causation principles," we noted that "a plaintiff's right to recover for an injury generally includes the right to recover for medical malpractice arising out of the injury." *Id.* at 1095 (citing Restatement (Second) of Torts § 457 (1965)). Thus, we concluded, "when Congress gave federal employees the right to recover for an injury under FECA, it took away their right to sue the government in tort for medical malpractice arising out of the injury, as well as for the injury itself." *Id.*[1]

---

[1] As authority for this rule, in addition to *Lance*, see *Spinelli v. Goss*, 446 F.3d 159, 161 (D.C. Cir. 2006); *Noble v. United States*, 216 F.3d 1229, 1235–36 (11th Cir. 2000); *Votteler v. United States*, 904 F.2d 128,

By its own terms, the rule we adopted in *Lance* applies only when an employee seeks medical treatment for an injury covered under FECA—that is, an injury "sustained while in the performance of his duty." 5 U.S.C. § 8102(a). If the injury was *not* sustained while in the performance of duty, but was instead caused by non-workplace-related events, FECA's exclusive-remedy provision does not apply. For instance, if a federal employee broke his leg while on a weekend hike, and the injury was negligently treated by a federally employed doctor, the employee would not be required (or permitted) to seek compensation under FECA for injuries caused by the doctor's malpractice. The employee in that scenario would be situated no differently from any other patient injured by the negligence of a federally employed doctor, and would thus be free to sue the United States for damages under the FTCA.

Our decision in *Lance* does not control the outcome here because the injury for which Hawkins sought medical treatment was not job-related. Before filing this action, Hawkins pursued a claim for benefits under FECA to recover compensation for the workplace bullying and harassment mentioned above. The agency that administers FECA, the Office of Workers' Compensation Programs (OWCP), denied her claim. The agency did not question that Hawkins had sustained an injury that required medical care from Drs. Doan and Jensen. But the OWCP found, after reviewing the medical records and other evidence submitted by Hawkins and her employer, that Hawkins had not established that her injury was caused by workplace bullying and harassment. In fact, the OWCP determined that the workplace bullying and harassment alleged by Hawkins did

---

129–30 (2d Cir. 1990); *McCall v. United States*, 901 F.2d 548, 550–51 (6th Cir. 1990).

not occur.  There is no suggestion in the record before us that Hawkins pursued her FECA remedy half-heartedly or in bad faith.  Based on the evidence before it, the OWCP concluded that Hawkins's injury was not sustained while in the performance of duty, as required for recovery under FECA.

On these facts, Hawkins may pursue her claim for medical malpractice under the FTCA.  To be sure, if the OWCP had determined that the injury for which Hawkins sought medical care *was* sustained during the course of her employment, her FTCA action would have been barred by FECA.  *See Lance*, 70 F.3d at 1095.  But once the agency concluded that Hawkins's October 2011 mental breakdown was caused by events or circumstances outside the workplace, she was free to seek recovery under the FTCA for the alleged malpractice of her VA doctors—just as any other patient who sought treatment for a non-workplace-related injury would be.

The district court erred in dismissing Hawkins's FTCA action on the ground that it is barred by FECA.  We reverse the district court's judgment and remand for further proceedings.

**REVERSED and REMANDED.**